# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM VICTOR** | : | Civil No. 3:08-CV-1374 |
| | : | |
| **Plaintiff** | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **R.M. LAWLER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case is one of two prisoner civil rights lawsuits currently lodged by the Plaintiff, William Victor, against correctional staff at SCI Huntingdon. See Victor, et al. v. Lawler, et al., No. 3:07-CV-2058 and Victor v. Lawler, et al., No. 3:08-CV-1374. Both of these cases have been referred to the undersigned for pre-trial management.

As part of this pre-trial management, on February 9, 2010, we entered an memorandum and order addressing discovery matters raised by Victor, including a requests for unredacted copies of disciplinary investigative reports, as well as copies of prison operations manuals. In this February 9 order we elected to undertake an *in*

*camera* review of some of these materials to address relevance, and privilege concerns. Specifically, we entered the following orders:

First, with respect to the Plaintiff's request for Disclosure of Pre-Disciplinary Conference Records, in the exercise of our discretion we ordered the Defendants to (1) provide the Plaintiff with an opportunity to review redacted reports relating to the pre-disciplinary records of the Defendants, which have redacted personal information along with agency recommendations and conclusions; and, (2) also provide the Court with complete sets of the redacted, and unredacted reports, for our *in camera* review so we could ensure a limited, and appropriate release of information to the Plaintiff, while protecting important interests in personal privacy and confirming the proper scope of any government privilege claims and reserving the right to direct the further release of information once we have compared the redacted and unredacted texts.

Second, with respect to the Plaintiff's request for Disclosure of Prison Operations Manuals we ordered the Defendants to provide to the Court for *in camera* inspection the full text of these policy manuals, along with redacted text from these policy manuals relating specifically to the Department of Corrections' policies pertaining to documentation of cell extractions and preservation of evidence relating to such episodes, including preservation of videotapes. Armed with this information the Court can determine: (1) whether this information is relevant to the issues raised

in this case; (2) whether it is subject to any valid claim of privilege recognized by the Federal Rules; and, (3) to what extent, in what format, and under what conditions it may be released to the Plaintiff. We further noted that with respect to the Plaintiff's request for Spoliation Sanctions, a ruling was deferred pending receipt of the *in camera* submission of the Defendants. Following our review of these materials we also noted on February 9 that the Defendants may be directed to submit further briefing and proceedings on the issue of spoliation.

Having conducted these initial in camera reviews, IT IS FURTHER ORDERED as follows:

First, with respect to the Plaintiff's request for Disclosure of Pre-Disciplinary Conference Records, after reviewing complete sets of the redacted, and unredacted reports, *in camera,* we conclude that the release of the redacted documents in their current form is an appropriate release of information to the Plaintiff, which meets his needs to have access to relevant information while protecting important interests in personal privacy and respecting the proper scope of government privilege. Therefore, the Court holds that the release of the redacted records to Victor is sufficient and adequate.

As for Victor's request for Disclosure of Prison Operations Manuals we have received these materials, and understand the Defendants' concerns about release of

the materials. However, since the materials may be relevant in some fashion to prison tape spoliation issues, consistent with our prior order we are requesting further briefing and proceedings on the issue of spoliation as it relates to these tapes and to prison policies regarding tape retention.

Specifically, the Defendants are directed to file a supplemental memorandum with the Court which:

(1) Identifies all tapes which have been preserved, and provided to the Plaintiff in discovery.

(2) Identifies those tapes which were requested, but were not able to be located and produced. With respect to these tapes, identify the tapes by date and location of the video, so that a relevance assessment can be made.

(3) Identifies any pertinent prison policies which related to the retention of the tapes that cannot be located.

(4) Provides an alternative to the release of the operations manual, such as a proposed admission or stipulation acknowledging that the specific tapes were not retained in accordance with prison policy.

In the alternative, the Defendants shall explain why no prison policies were violated by the failure to maintain these tapes.

The Defendants shall file this supplemental pleading on or before **April 5, 2010.**

So ordered this 23d day of March 2010.

                                              *S/Martin C. Carlson*
                                              **United States Magistrate Judge**