# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | **NO. 3:08-CV-01374** |
| **Plaintiff,** | : | **(Judge Nealon)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **R.M. LAWLER, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

### I. Statement of Facts and of The Case

This is a civil rights action brought by William Victor, an inmate who was formerly confined in the State Correctional Institution at Huntingdon ("SCI-Huntingdon"). In his complaint, Victor, who is proceeding *pro se*, has named an array of Defendants, including the prison Superintendent and other employees of the Pennsylvania Department of Corrections at SCI-Huntingdon. Victor alleges that on June 28, 2008 he was assaulted by Corrections Officers while being moved between cells in the Restricted Housing Unit ("RHU") at SCI-Huntingdon. Attachment to Plaintiff's Amended Complaint at ¶ 6. In addition to these assault claims, Victor also alleges that prison staff have engaged in retaliation, harassment, retaliatory misconducts, denial of yard and shower privileges, and destruction of his personal property and legal mail; id. at ¶¶ 2-3, 5, 8, and claims that he was deprived of his due

process rights during prison disciplinary proceedings by denying him witnesses in the course of inmate misconduct hearings. Id. at ¶ 4. Victor seeks monetary damages and injunctive relief as a result of these alleged violations of his civil rights.

As a *pro se* litigant Victor has been diligent and prolific in asserting his right to discovery. As part of this on-going discovery process, on June 2, 2010 we ruled upon a motion to compel, filed by Victor (Doc. 239), which sought further disclosures and sanctions against the Defendants. In his motion Victor asked for access to a variety of information relating to his case, including medical records, investigative reports, prison policy statements, other documents and tangible objects, photographs, and information concerning the whereabouts of potential witnesses. Included among these discovery requests was a request for information concerning the actions of Defendants Diffin, Goodman, Eberling and Ritchey in prior cell extractions between November 20, 2007 and June 28, 2008. According to Victor, he sought this information to test and challenge the veracity of past statements made by these Defendants concerning their involvement in cell extractions. The Department of Corrections objected to these discovery requests on over breadth grounds, but we found that evidence which contradicts prior statements by Defendants regarding matters which are relevant to this litigation is properly discoverable both as substantive evidence as well as impeachment evidence in this case. See Newsome v.

Penske Truck Leasing, Corp., 437 F.Supp.2d 431 (D. Md. 2006)(discovery of prior statements which may be both substantive evidence and impeachment evidence permitted). However, since no judgment on the relevance and admissibility of this evidence is possible in the abstract, and any assessment of these issues involves a multi-faceted and fact-specific analysis of both the proffered evidence and the party's claims, we ordered the Defendants to submit this information for *in camera* review by the Court. (Doc. 279.)

The Defendants have complied with this request and provided the Court with Extraordinary Occurrence Reports detailing seven cell extractions undertaken on January 9, 2008, January 28, 2008, February 4, 2008, February 25, 2008, March 23, 2008, April 17, 2008, and June 3, 2008. We have now conducted an *in camera* review of these materials. While we find that Victor is not entitled to wholesale disclosure of these reports, we conclude that some very limited and narrow disclosure of redacted excerpts of the reports, as described below, is appropriate here

**II. Discussion**

**A. Rule 26, the Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines both the scope and limitations governing the use of discovery in a federal civil action:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

This motion, and the Defendants' response in opposition to this motion, call upon the Court to exercise its authority under Rule 26 of the Federal Rules of Civil Procedure to regulate discovery in this case. Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense". Therefore, valid claims of privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery

permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Applying these benchmark standards, we now turn to our in camera review of the materials tendered for our review. We have conducted this review with due deference to the well established principle of Kerr v. United States, 426 U.S. 394, 45 (1976), that a Defendant's claim or irrelevance/privilege must be balanced against a Plaintiff's argument of relevance and need. After weighing the Defendants' objections of privilege, security, [1] and undue burden against Plaintiff's assertion that production is not unduly burdensome and the requested documents are sufficiently relevant, we conclude that Victor has not demonstrated that the majority of the documents at issue here have more than marginal relevance.

Moreover, having conducted this *in camera* review we further find that the Defendants' threshold objection that the disclosure of the reports relating to episodes involving other third parties would violate the privacy rights of those third parties.

---

[1] In order to ensure the secure operation of a state correctional facility, there are certain internal prison documents and procedures must be protected from disclosure to the public. See McDowell v. Litz, No. 1:CV-08-01453, 2009 WL 2058712, at *4 (M.D. Pa., July 10, 2009).

See Mincy v. Chmielewski, No. 05-292, 2006 WL 3042968 (M.D.Pa. Oct. 25, 2006)(denying access to third-party complaints on privacy grounds). Thus Victor's request for wholesale disclosure of these reports is DENIED.

Despite this determination, we find that very limited portions of some of the documents submitted *in camera* are relevant to the issues in this case and should be provided to Plaintiff. Specifically, we find in some instances that the Extraordinary Occurrence reports detailing the seven cell extractions undertaken on January 9, 2008, January 28, 2008, February 4, 2008, February 25, 2008, March 23, 2008, April 17, 2008, and June 3, 2008, contain two-page statements identified as DC-121 Part 3 reports, prepared by one or more of the following Defendants: Defendants Diffin, Goodman, Eberling and Ritchey.[2] These statements purport to describe the practices of the Defendants in cell extractions that occurred contemporaneously with the cell extraction at issue here.

The DC-121 Part 3 reports prepared by Defendants in this case are admissions of party-opponents under Rule 801(d)(2) of the Federal Rules of Evidence, and since they describe the practices of the Defendants in cell extractions that occurred contemporaneously with the cell extraction at issue here, they either may be

---

[2]Specifically our review identified reports that appear to have been authored by Goodman and Eberling. We observed no such reports authored by Diffin or Ritchey.

admissible at trial or may reasonably be calculated to lead to the discovery of admissible evidence. Therefore, they are subject to discovery, albeit in a redacted form which protects the identities and privacy of third parties not named in this lawsuit.

### III. Conclusion

Accordingly, for the foregoing reasons, IT IS ORDERED as follows:

Victor's request for disclosure of these Extraordinary Occurrence Reports is DENIED, with the following exceptions:

1. With respect to the Extraordinary Occurrence Reports detailing seven cell extractions undertaken on January 9, 2008, January 28, 2008, February 4, 2008, February 25, 2008, March 23, 2008, April 17, 2008, and June 3, 2008, the Defendants shall provide Victor with copies of any two-page statements identified as DC-121 Part 3 reports, prepared by Defendants Diffin, Goodman, Eberling and Ritchey, *provided* that those forms are first redacted to eliminate the names of any third parties who are not parties to this litigation. The redacted forms shall be disclosed on or before **July 14, 2010**.

So ordered this 24th day of June, 2010.

*S/Martin C. Carlson*
**United States Magistrate Judge**