# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | **NO. 3:08-CV-01374** |
| **Plaintiff,** | : | **(Judge Nealon)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **R.M. LAWLER, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.  Statement of Facts and of The Case

This is a civil rights action brought by William Victor, an inmate who was formerly confined in the State Correctional Institution at Huntingdon ("SCI-Huntingdon"). In his complaint, Victor, who is proceeding *pro se*, has named an array of Defendants, including the prison Superintendent and other employees of the Pennsylvania Department of Corrections at SCI-Huntingdon. Victor alleges that on June 28, 2008 he was assaulted by Corrections Officers while being moved between cells in the Restricted Housing Unit ("RHU") at SCI-Huntingdon. Attachment to Plaintiff's Amended Complaint at ¶ 6. In addition to these assault claims, Victor also alleges that prison staff have engaged in retaliation, harassment, retaliatory misconducts, denial of yard and shower privileges, and destruction of his personal property and legal mail; id. at ¶¶ 2-3, 5, 8, and claims that he was deprived of his due

process rights during prison disciplinary proceedings by denying him witnesses in the course of inmate misconduct hearings. Id. at ¶ 4. Victor seeks monetary damages and injunctive relief as a result of these alleged violations of his civil rights.

As a *pro se* litigant Victor has been diligent and prolific in asserting his right to discovery. As part of this on-going discovery process, on June 24, 2010 we ruled upon a motion to compel, filed by Victor (Doc. 239), which sought further disclosures and sanctions against the Defendants. In his motion Victor asked for access to a variety of information relating to his case, including medical records, investigative reports, prison policy statements, other documents and tangible objects, photographs, and information concerning the whereabouts of potential witnesses. Included among these discovery requests was a request for information concerning the actions of Defendants Diffin, Goodman, Eberling and Ritchey in prior cell extractions between November 20, 2007 and June 28, 2008. According to Victor, he sought this information to test and challenge the veracity of past statements made by these Defendants concerning their involvement in cell extractions. The Department of Corrections objected to these discovery requests on over breadth grounds, but we found that evidence which contradicts prior statements by Defendants regarding matters which are relevant to this litigation is properly discoverable both as substantive evidence as well as impeachment evidence in this case. See Newsome v.

Penske Truck Leasing, Corp., 437 F.Supp.2d 431 (D. Md. 2006)(discovery of prior statements which may be both substantive evidence and impeachment evidence permitted). However, since no judgment on the relevance and admissibility of this evidence is possible in the abstract, and any assessment of these issues involves a multi-faceted and fact-specific analysis of both the proffered evidence and the party's claims, we ordered the Defendants to submit this information for *in camera* review by the Court. (Doc. 279.)

The Defendants complied with this request and provided the Court with Extraordinary Occurrence Reports detailing seven cell extractions undertaken on January 9, 2008, January 28, 2008, February 4, 2008, February 25, 2008, March 23, 2008, April 17, 2008, and June 3, 2008. We then conducted an *in camera* review of these material, and found that Victor was not entitled to wholesale disclosure of these reports, but concluded that some very limited and narrow disclosure of redacted excerpts of the reports, is appropriate here. Specifically we ordered that, with respect to Extraordinary Occurrence Reports detailing seven cell extractions undertaken on January 9, 2008, January 28, 2008, February 4, 2008, February 25, 2008, March 23, 2008, April 17, 2008, and June 3, 2008, the Defendants were to provide Victor with copies of any two-page statements identified as DC-121 Part 3 reports, prepared by Defendants Diffin, Goodman, Eberling and Ritchey, *provided* that those forms were

3

first redacted to eliminate the names of any third parties who are not parties to this litigation.

Victor has now filed a motion, styled motion for relief, (Doc. 291) which attaches a letter from defense counsel indicating that they have complied with this June 24, 2010 order and released these reports to Victor. Despite the Defendants' apparent compliance with this order, Victor seeks further relief in the form of production of records of cell extractions at SCI-Huntingdon, from May 2007 through July 2008, along with records of instances in which Defendant Ritchey allegedly photographed other cell extractions.

This motion will be DENIED by the Court without further briefing by the parties since the Court finds that its June 24, 2010 order properly set the scope of what may be discovered here, and the Defendants have already complied with that order.

So ordered this 14th day of July, 2010.

<u>S/Martin C. Carlson</u>
**United States Magistrate Judge**