FILED
SCRANTON
FEB 1 1 2011

PER ⁄m̸ 6̸ ⁄C̸
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM VICTOR,
    Plaintiff

v.

SCI SMITHFIELD, et al.,
    Defendants

CIVIL NO. 3:08-cv-1374

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM and ORDER

On July 21, 2008, Plaintiff, an inmate currently confined in the State Correctional Institution ("SCI") Coal Township, initiated this civil rights action pursuant to 42 U.S.C. § 1983, naming numerous defendants. (Doc. 1). Plaintiff filed an amended complaint on September 26, 2008. (Doc. 16). The Amended Complaint alleged that, on June 28, 2008, in three locations of the Restrictive Housing Unit ("RHU") at SCI-Huntingdon, Plaintiff was kicked, punched, tortured with electricity, and violently beaten by prison staff resulting in a broken jaw and other injuries. (Id.). Plaintiff claimed that defendants Goodman and Snyder, two of the named corrections officers at SCI-Huntingdon, conspired to plan the attack and failed to stop it. Id.

On April 14, 2010, defendants Goodman and Snyder filed a motion for summary judgment, brief in support, and statement of facts. (Docs. 229-231). Plaintiff filed a brief in opposition on April 29, 2010. (Doc. 263). On July 15, 2010, Magistrate Judge Martin C. Carlson filed a Report and Recommendation ("R&R") recommending that the motion be denied. (Doc. 295). No objections were filed.[1] After review, the R&R will be adopted.

---

[1] On July 15, 2010, the Magistrate Judge also issued an R&R, (Doc. 194), regarding defendant Long's motion for summary judgment, (Doc. 252). On August 2, 2010, Plaintiff filed objections to the R&R discussing defendant Long's motion, but the docket incorrectly attributes these objections to the instant action. (Doc. 299).

1

## Discussion

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

Having reviewed the instant record, no error is discerned from the R&R. The Magistrate Judge found that the cell extraction team on June 28, 2008, included defendants Goodman and Snyder. (Doc. 295, pp. 2-3). He determined that "there is evidence which indicates that Snyder ... brought a sheet to Victor's cell which was then fabricated into a noose in order to create the false impression that Victor had attempted suicide." (Id.) (citing (Doc. 259)). Additionally, the R&R stated that "there is direct evidence linking Goodman to an effort to conceal the nature of this alleged abuse of Victor on June 28, 2008." (Doc. 295, p. 3). Specifically, Magistrate Judge Carlson found that "Goodman was assigned as the videographer for the cell extraction team ... [but that] there is substantial evidence showing that Goodman selectively edited the videotaping

2

of this particular cell extraction, failing to videotape particularly incriminating portions of this incident." (Id.). The R&R noted that the Commonwealth withdrew from representing Goodman and Snyder because it "'determined that those Corrections Defendants acted in bad faith and/or outside the scope of their employment and so are not entitled to representation by Commonwealth agency counsel.'" (Id. at p. 4) (citing (Doc. 114, p. 3.)).

In the Report, Magistrate Judge Carlson discussed the legal standard for summary judgment and explained that defendants Goodman and Snyder bear the burden of showing the absence of genuine issues of material fact. (Doc. 295, pp. 5-7) (citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Aman v. Cort Furniture Rental Corp., 85 F.3d 1074 (3d Cir. 1996)). However, he concluded that as "to these particular extraction team members, the extensive record of the proceedings in this case reveals a host of material, and unresolved, factual issues." (Doc. 295, pp. 2, 7-8). Consequently, the R&R recommends that the summary judgment motion be denied.

Finding no error in the R&R, it will be adopted. The motion for summary judgment filed by defendants Goodman and Snyder, (Doc. 229), will be denied and this matter will be remanded to Magistrate Judge Carlson for further proceedings.

_____
**United States District Judge**

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM VICTOR,
    Plaintiff

v.

SCI SMITHFIELD, et. al.,
    Defendants

: CIVIL NO. 3:08-1374
:
: (JUDGE NEALON)
: (MAGISTRATE JUDGE CARLSON)

## ORDER

AND NOW, THIS 11th DAY OF FEBRUARY, 2011, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation (Doc. 295) is **ADOPTED**;

2. The motion for summary judgment filed by defendants Goodman and Snyder (Doc. 229) is **DENIED**;

3. The case is **REMANDED** to the Magistrate Judge for further proceedings; and

4. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

                                        _/s/ William Nealon_
                                        United States District Judge