# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM VICTOR, | : | NO. 3:08-CV-01374 |
| Plaintiff, | : | (Judge Nealon) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| R.M. LAWLER, et al., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

### I. Statement of Facts and of the Case.

This is a civil rights action brought by William Victor, an inmate who was formerly confined in the State Correctional Institution at Huntingdon ("SCI-Huntingdon"). In his complaint, Victor, who is proceeding *pro se*, has named an array of Defendants, including the prison superintendent and other employees of the Pennsylvania Department of Corrections at SCI-Huntingdon. Victor alleges that on June 28, 2008, he was assaulted by Corrections Officers while being moved between cells in the Restricted Housing Unit ("RHU") at SCI-Huntingdon. Attachment to Plaintiff's Amended Complaint at ¶ 6. Victor's jaw was allegedly broken in this assault, requiring medical treatment outside the prison.

In August of 2009, the undersigned was appointed as a United States Magistrate Judge, and was assigned to this case. (Doc. 133.) Victor was notified of

this assigned by August 31, 2009, and voiced no objection to the case assignment. Over the following 16 months, the Court has addressed hundreds of matters with the Plaintiff, and the parties, (Docs. 133-322), and has entered dozens of orders in this case, all without objection from Victor, or any other party. In every instance the Court has endeavored to be guided solely by the law and the facts in ruling on the matters presented to it. Using these guideposts, the Court has, in fact, entered numerous rulings that either granted Victor relief, or denied relief requested by the Defendants. (Docs. 145, 155, 159, 164, 171, 188, 194, 202, 216, 220, 232, 245, 278, 279, 285, and 287.) At no time during this extensive 16-month process has Victor raised any concerns regarding the role of the Court in these proceedings.

Victor has now filed a motion to recuse the undersigned judicial officer, and an accompanying brief. (Docs. 319 and 320), which allege some unspecified form of "collusion" by the Court with state authorities, and further asserts, without any supporting evidence or affidavits, that Victor believes at some unidentified date and time he wrote to the United States Attorney's Office seeking a criminal investigation of matters at issue in this civil action, during the undersigned's tenure in that office, and did not receive relief from that office. The parties have fully briefed this motion, (Docs. 320 and 321), and this matter is now ripe for resolution.

For the reasons set forth below, the motion to recuse (Doc. 319) will be denied without prejudice.

**II. Discussion**

**A. Recusal of This Court is Not Warranted at This Time**

The legal standards which govern recusal requests like the request propounded by Victor were aptly defined by this Court in Conklin v. Warrington Township, 476 F. Supp. 2d 458 (M.D. Pa. 2007) when the Court explained that:

> The disqualification standard is set forth in 28 U.S.C. § 455, which provides in pertinent part as follows:
>
> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party....
>
> Id.
>
> Pursuant to the above quoted language, the court must consider whether its rulings and statements objectively produce the appearance of bias . . . . As explained by the Supreme Court, these provisions "require ... 'bias and prejudice' ... to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). This objective standard requires recusal when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir.1987) (citing United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir.1983)); see also In re Antar, 71 F.3d 97, 101 (3d Cir.1995). If the

record presents a close question, the court must resolve the issue in favor of disqualification. Nichols v. Alley, 71 F.3d 347, 352 (10th Cir.1995).

Id. at 462-3.

It is clear, however, that a party's disappointment with what the party anticipates may be the court's rulings cannot form the basis for recusal. As Judge Conner observed:

> The Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir.1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990)). Subsections 455(a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible. Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253 (3d Cir.1995), cert. denied, 516 U.S. 915, 116 S.Ct. 303, 133 L.Ed.2d 208 (1995). As stated by the Supreme Court:
>
> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.
>
> Liteky, 510 U.S. at 555, 114 S.Ct. 1147 (emphasis in original).

Id. at 463.

Furthermore, in assessing recusal requests, in every instance:

> [T]he court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings. In re Antar, 71 F.3d at 101; Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir.1993). Indeed, a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir.2002) (quoting Nichols, 71 F.3d at 351); Cooney v. Booth, 262 F.Supp.2d 494, 508 (E.D.Pa.2003); see also United States v. Snyder, 235 F.3d 42, 46 n. 1 (1st Cir.2000); Curley v. St. John's University, 7 F.Supp.2d 359, 362 (S.D.N.Y.1998).

Id. at 463.

In order to ensure that last-minute devices recusal requests do not disrupt litigation, a recusal motion is "also subject to the requirement that it be 'timely.' See 28 U.S.C. § 144. 'It is well-settled that a party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.' Apple v. Jewish Hosp. and Medical Ctr., 829 F.2d 326, 333 (2nd Cir.1987). The Third Circuit has described this requirement as one of 'reasonable diligence.' See Furst, 886 F.2d at 581 n. 30." Cooney v. Booth, 262 F.Supp.2d 494, 503-4 (E.D.Pa. 2003).

Furthermore, where a recusal request, like this request, is premised upon some prior government service by a judge, such as service as United States Attorney, it is

also clear that the fact of that prior service, standing alone, does not provide grounds for recusal. Indeed, such a global claim of recusal has long been expressly rejected by the United States Court of Appeals for the Third Circuit, which has held that:

> Since a judge's prior position as a United States Attorney does not require his or her recusal unless the case at issue arose before the judge left that position, see Barry v. United States, 528 F.2d 1094 (7th Cir.), cert. denied, 429 U.S. 826, 97 S.Ct. 81, 50 L.Ed.2d 88 (1976); In re Grand Jury Investigation, 486 F.2d 1013, 1015-16 & n. 3 (3d Cir.1973), cert. denied, 417 U.S. 919, 94 S.Ct. 2625, 41 L.Ed.2d 224 (1974), [ a judge's] prior [government] position . . . could not reasonably be deemed to be a basis to question [the judge's] ability to rule impartially in this case.

Edelstein v. Wilentz 812 F.2d 128, 131 (3d Cir. 1987).

Finally, there are also procedural standards which a party moving for recusal must meet. These standards are prescribed by 28 U.S.C. § 144, which as a procedural matter "mandates recusal '[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party.' Conklin, 476 F.Supp.2d at 463, n. 10.

Thus, a proper, and timely filed, affidavit is a legal prerequisite to a recusal motion, a necessary step to impress upon all parties the gravity of the proceedings. When such an affidavit is timely filed: "it is the responsibility of the district judge

6

against whom an affidavit is filed to assess the legal sufficiency of the affidavit. United States v. Townsend, 478 F.2d 1072, 1073 (3d Cir.1973) (stating that the mere filing of an affidavit 'does not automatically disqualify a judge'). An affidavit is legally sufficient if the facts alleged therein: (1) are material and stated with particularity; (2) would convince a reasonable person that a bias exists; and, (3) evince bias that is personal, as opposed to judicial in nature. United States v. Thompson, 483 F.2d 527, 528 (3d Cir.1973)." Conklin, 476 F.Supp.2d at 463, n. 10. This is a burden which cannot be met through vague and conclusory accusations, or subjective assertions. Id. citing, Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990) (holding that, to be legally sufficient, an affidavit must contain more than mere conclusory allegations) Cooney v. Booth, 262 F.Supp.2d 494, 502 (E.D.Pa.2003) (holding that opinions and conclusions based upon suspicion conjecture and speculation are legally insufficient to warrant recusal).

Judged against these legal standards, we must, at this time, decline this request that we recuse ourselves from this case.

First, we note that it is apparent that the motion is untimely. As to this judge, the grounds for recusal relate to my service as United States Attorney, service that ended 16 months ago. To the extent that this service conceivably could provide a basis for recusal of the court, these grounds of recusal existed for the past 16 months,

yet Victor did not raise these recusal grounds when the Court was assigned to this matter in August of 2009, and remained content to have this Court sit in judgment in this case for 16 months while the Court favorably considered a wide array of matters presented by Victor, entering numerous rulings that either granted Victor relief, or denied relief requested by the Defendants. (Docs. 145, 155, 159, 164, 171, 188, 194, 202, 216, 220, 232, 245, 278, 279, 285, and 287.)

In addition, the motion contains "no timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party", as required by 28 U.S.C. § 144. Indeed, the motion contains no affidavit whatsoever relating to this judge. Therefore, the motion is procedurally flawed.

Despite its untimeliness and its procedural flaws, we have considered the merits of Victor's request, and his concern that the undersigned, as United States Attorney, may have made substantive decisions on a referral that he claims to have made to the United States Attorney's Office. In this regard, we have reviewed a recusal participant index maintained by the court identifying cases and matters pertaining to some 2,702 individuals and entities in which I was directly involved as United States Attorney. Mr. Victor's alleged complaint is not listed among these 2,702 matters. The complete lack of any such record of Mr. Victor's alleged

complaint is hardly surprising since civil rights complaints, like those allegedly made by Mr. Victor, would typically have been referred to and coordinated by the United States Department of Justice Civil Rights Division in Washington, D.C., for review since the Assistant Attorney General of the Civil Rights Division retains the final and on-going authority to determine the staffing of any criminal civil rights matter.

Given the untimeliness of the request, the fact that the request is unsupported by affidavits or other evidence, the fact that the undersigned has no record or recollection of receiving this alleged complaint, and mindful of the fact that "a judge 'has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require'" Conklin, 476 F.Supp.2d at 463, we will decline this request at the present time. However, we believe that Mr. Victor should be provided every opportunity to fully voice his concerns, and we are prepared to re-visit those concerns on an on-going basis.. Therefore, we deny the request, without prejudice to the Plaintiff tendering a more appropriate, properly documented request, detailing any communications which he had with the United States Attorney's Office during the undersigned's tenure as United States Attorney.

## III. Conclusion

Accordingly, for the forgoing reasons, the Plaintiff's motion to recuse (Doc. 319) is denied without prejudice.

*s/Martin C. Carlson*
MARTIN C. CARLSON
United States Magistrate Judge