# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | **NO. 3:08-CV-01374** |
| **Plaintiff,** | : | **(Judge Nealon)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **R.M. LAWLER, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.   Statement of Facts and of the Case.

This is a civil rights action brought by William Victor, an inmate who was formerly confined in the State Correctional Institution at Huntingdon ("SCI-Huntingdon"). In his complaint, Victor, who is proceeding *pro se*, has named an array of Defendants, including the prison superintendent and other employees of the Pennsylvania Department of Corrections at SCI-Huntingdon. Victor alleges that on June 28, 2008, he was assaulted by Corrections Officers while being moved between cells in the Restricted Housing Unit ("RHU") at SCI-Huntingdon. Attachment to Plaintiff's Amended Complaint at ¶ 6. In addition to these assault claims, Victor also alleges that prison staff have engaged in retaliation, harassment, retaliatory misconducts, denial of yard and shower privileges, and destruction of his personal property and legal mail; Id. at ¶¶ 2-3, 5, 8, and claims that he was deprived of his due

process rights during prison disciplinary proceedings by denying him witnesses in the course of inmate misconduct hearings. Id. at ¶ 4. Victor seeks monetary damages and injunctive relief as a result of these alleged violations of his civil rights.

This matter now comes before the Court on a Motion filed by Victor, styled "Motion for Relief". (Doc. 309.) In this motion Victor seeks two forms of relief: First, he asks that the court appoint a medical expert to assist him, at no cost to himself, in this civil lawsuit. In addition, Victor requests that we appoint an investigator to assist him at no cost as a *pro se* litigant in this matter. (Id.) This motion has been fully briefed by the parties, (Docs. 310, 311, 312, and 314), and is now ripe for resolution. For the reasons set forth below, the request will be denied.

**II.     Discussion**

In this motion, William Victor urges this Court to appoint a private investigator and a medical expert witness to assist him in this §1983 lawsuit, and further requests that we direct that the costs associated with the appointment of these experts and investigators be borne by the state. While we can appreciate Victor's interest in obtaining such resources to assist him, at no cost to himself, our ability to provide Victor the relief that he seeks is wholly a function of the statutes governing *in forma pauperis* proceedings in federal court. Thus, in the absence of some express statutory

or legal authority, we cannot grant this request, which would impose the costs of Victor's lawsuit upon some third party, or the public.

This is an important limitation on the power of this Court since the statute which authorizes *in forma pauperis* civil proceedings for prisoner like Victor, 28 U.S.C. §1915, contains no provision authorizing the Court to order private litigants to receive the assistance of investigators or medical expert witnesses at no cost. See 28 U.S.C. §1915. Thus, a review of case law construing §1915 reveals that numerous courts have recognized the limitations of federal courts to relieve indigent litigants from the costs of litigating civil claims, and have repeatedly rebuffed efforts by *pro se* litigants to shift those costs to the public. See, e.g., Brooks v. Quinn, 257 F.R.D. 515, 417 (D. Del. 2009) ("Although plaintiff is proceeding in forma pauperis, the court has no authority to finance or pay for a party's discovery expenses. . . . It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); Augustin v. New Century TRS Holding, Inc., No. 08-326, 2008 U.S. Dist. LEXIS 96236, at *7-9 (W.D. Pa. Nov. 25, 2008) (denying plaintiff's IFP application to cover costs for discovery requests); Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses); Toliver v. Community Action Comm'n to Help the Econ., 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the

repayment of discovery costs for IFP plaintiff); Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (concluding that 28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); Ebenhart v. Power, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether [28 U.S.C. § 1915] authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery."); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.").

This basic tenet of *in forma pauperis* practice expressly applies to inmate requests for expert witnesses. Indeed, it has long been recognized that a district court may properly decline an inmate request for appointment of such an expert witness at the public's expense. As the United States Court of Appeals for the Third Circuit aptly observed some 23 years ago, when rejecting an identical request:

> Although plaintiffs complained that the district court wrongfully refused to pay for an expert medical witness, they fail to point to any legislative provision for such funds. Congress has authorized the courts to waive prepayment of such items as filing fees and transcripts if a party qualifies to proceed in forma pauperis. 28 U.S.C. § 1915. However, we have been directed to no statutory authority nor to any appropriation to which the courts may look for payment of expert witness fees in civil

suits for damages. Provisions have been made for expert witness fees in criminal cases, 18 U.S.C. § 3006A(e)(1), but not in civil damage suits. See United States v. Rogalsky, 575 F.2d 457 (3d Cir.1978). A prevailing party in a civil rights case is not entitled to tax such fees as costs. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). In these circumstances we cannot fault the district court for not exercising a power it did not possess.

Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987)

Thus, following Boring, courts have repeatedly held that *pro se* inmate plaintiffs who are proceeding *in forma pauperis* have no entitlement to court-appointed medical expert witnesses. See e.g., Hakeem v. Salaam, 260 F. App'x 432, 435 (3d Cir. 2008)("we conclude that the District Court did not err in denying Hakeem's motion for appointment of a medical expert. In Boring v. Kozakiewicz, we held that there is no statutory authority for payment of expert witness fees in civil suits for damages"); Ford v. Mercer County Correctional Center, 171 F. App'x 416, 420-22 (3d Cir. 2006).

Nor do we find that the appointment of a medical expert is warranted under Rule 706 of the Federal Rules of Evidence. While Rule 706 authorizes the court, in the exercise of its discretion, to appoint experts to aid juries in particularly complex matter, decisions regarding such appointments rest in the sound discretion of the court. Ford v. Mercer County Correctional Center, 171 F. App'x 416, 420-22 (3d Cir. 2006). In the exercise of that discretion courts have repeatedly declined inmate

5

invitations to appoint medical experts in civil cases where the medical issues confronting the jury are neither difficult, nor complex. As the court of appeals has observed in this context:

> Rule 706 affords the trial judge broad discretion to appoint an independent expert answerable to the court, whether *sua sponte* or on the motion of a party. The policy behind the rule is to promote the jury's factfinding ability. See 29 Charles Allen Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6304 (1997). "The most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." Id. A trial judge does not abuse his discretion in declining to appoint an independent expert solely to benefit a party who has otherwise failed to gather such evidence as would suffice to overcome summary judgment. Cf. Ledford v. Sullivan, 105 F.3d 354, 359-60 (7th Cir.1997) (finding jury could comprehend whether *421 plaintiff's medical needs were "serious" without the aid of a court-appointed expert; observing, "the symptoms which [Plaintiff] experienced were not beyond a lay person's grasp.") .
> . . .

Ford v. Mercer County Correctional Center, supra, 171 F. App'x. at 420-421; see also Kerwin v. Varner, No. 03-2253, 2006 WL 3742738 (M.D. Pa. Dec. 15, 2006)(denying inmate expert witness request under Rule 706).

In sum, it is well-settled that "[t]he District Court [may] properly den[y an inmate's] motion for a government funded medical expert because the court lacked authority to grant the request. See Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir.1987) (finding no authority for court to pay for indigent plaintiff's expert

6

witnesses)." <u>Hodge v. U.S. Dept. of Justice</u>, 372 F..App'x. 264, 268 (3d Cir. 2010).[1]

Therefore, Victor's request for this relief must be declined.

### III. <u>Conclusion</u>

Accordingly, for the foregoing reasons, Victor's motion for relief (Doc. 309) is DENIED.

*<u>s/Martin C. Carlson</u>*
MARTIN C. CARLSON
United States Magistrate Judge

---

[1]Similarly, we are without legal authority to appoint private investigators to assist Victor in this matter at no cost to the plaintiff. <u>See, e.g.</u>, <u>Wallace v. Bledsoe</u>, No. 10-225, 2010 WL 1565571 (M.D. Pa. March 16, 2010); <u>Kerwin v. Varner</u>, No. 03-2253, 2006 WL 3742738 (M.D. Pa. Dec. 15, 2006),