IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM VICTOR, Plaintiff | : |
| v. | : CIVIL NO. 3:08-1374 |
| | : (JUDGE NEALON) |
| SCI SMITHFIELD, et al., Defendants | : (MAGISTRATE JUDGE CARLSON) |

## MEMORANDUM and ORDER

On July 21, 2008, Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983, claiming abuse by prison officials at the State Correctional Institution ("SCI") in Huntingdon, Pennsylvania. (Doc. 1). He filed an amended complaint on September 26, 2008, alleging mistreatment at SCI- Smithfield and deliberate indifference to his medical needs. (Doc. 16). Currently pending is Plaintiff's motion for injunctive relief filed on August 12, 2010. (Doc. 300). On February 24, 2011, Magistrate Judge Martin C. Carlson issued a Report and Recommendation ("R&R") that the motion be denied. (Doc. 328). Objections to the R&R were due by March 14, 2011, however no objections have been filed. The matter is ripe for disposition and, for the reasons stated below, the Report and Recommendation will be adopted.

## Discussion

When objections to a Report and Recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination

1

where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.) (overruling objections that merely restated the arguments presented to the magistrate court). If no objections are made to a report, the district court is not required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149 (1985). Nevertheless, it is better practice to afford some level of review to dispositive legal issues raised by the report. Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987)). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. The court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney, 749 F.2d at 7.

Although a de novo determination is not required as Plaintiff has not filed objections to the report and recommendation, a review of the motion and the R&R was undertaken.

The Report identified the elements Plaintiff must prove to obtain a preliminary injunction: (1) a reasonable probability of success on the merits; and (2) irreparable injury if relief is denied. (Doc. 328, pgs. 3-4). Magistrate Judge Carlson explained that the court should also consider whether granting preliminary relief will: (3) result in harm to other interested parties; and (4) be in the public interest. Id. The Report stated that a balancing test must be performed and the burden is on the moving party. Id. (citing Emile v. SCI-Pittsburgh, 2006 WL 2773261 (W.D. Pa. Sept. 24, 2006)).

On August 12, 2010, Plaintiff filed the present motion for relief seeking to compel prison officials to take certain actions. (Docs. 300, 301). He states that since initiating this case, he has been in solitary confinement, he has suffered from mental distress and has been targeted by several correctional officers at SCI- Coal. (Doc. 301). Plaintiff requests a hearing, to subpoena video and documentary evidence, to be transferred to another facility, to order certain correctional officers to stay away from him and stop abusing him, and that the court monitor interactions between Plaintiff and correctional officers. (Doc. 301). Magistrate Judge Carlson noted that the officers at SCI- Coal are not named parties in this case and the motion for injunctive relief pertains to alleged events that occurred at SCI- Coal nearly two years after the events giving rise to the Complaint. (Doc. 328, pg. 2).

Magistrate Judge Carlson determined that Plaintiff's motion fails for at least six reasons. Namely: (1) he has not made the threshold showing required for injunctive relief from non-parties, *i.e.*, that they are acting in active concert or participation with the party against whom injunctive relief is sought; (2) he does not present a prayer for relief that is "narrowly drawn, extend[s] no further than necessary to correct the harm..., and [is] the least intrusive means necessary to correct the harm"; (3) his motion does not explain whether he exhausted administrative remedies; (4) he has not shown a reasonable probability of success on the merits; (5) he has not shown an immediate irreparable harm justifying a preliminary injunction; and (6) granting this injunctive relief could harm the Defendants' and the public's interest. (Doc. 328, pgs. 12-16).

As the Magistrate Judge notes, the motion requests injunctive relief pertaining to personnel at SCI-Coal who are not parties to this action. (Doc. 328). Under Federal Rule of

personnel at SCI-Coal who are not parties to this action. (Doc. 328). Under Federal Rule of Civil Procedure 65, injunctions and restraining orders can only be granted against a party to the action after proper notice is given. See FED. R.CIV. P. 65. Additionally, Plaintiff failed to show whether he exhausted the available administrative remedies, he failed to show a reasonable probability of success on the merits and failed to demonstrate immediate irreparable harm. Therefore, Plaintiff's motion will be denied.

## Conclusion

The Report and Recommendation will be adopted and Plaintiff's motion for preliminary injunctive relief, (Doc. 328), will be denied.

Date: March 23, 2011

United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM VICTOR,
    Plaintiff

v.

SCI SMITHFIELD, et al.,
    Defendants

CIVIL NO. 3:08-1374

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

## ORDER

AND NOW, this 23rd day of March, 2011, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (Doc. 328) is **ADOPTED**.

2. The Motion for Preliminary Injunctive Relief (Doc. 300) is **DENIED**.

3. The case is **REMANDED** to the Magistrate Judge for further proceedings.

4. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

                                          _____
                                          United States District Judge