# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | **Civil No. 3:08-CV-1374** |
| | : | |
| **Plaintiff,** | : | **(Judge Nealon)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **R.M. LAWLER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## **MEMORANDUM AND ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case is a prisoner civil rights lawsuits lodged by the Plaintiff, William Victor, against correctional staff at SCI Huntingdon. In this lawsuit, Victor alleges, *inter alia*, that he was the victim of staff assaults in June 2008.

Victor has now filed a motion,(Doc. 361) which seeks further rulings and clarification from the Court on a prior motion by Victor for sanctions, for other relief related to alleged spoliation of evidence, and to compel production of materials. (Doc. 169.) This motion was filed by Victor in January of 2010 and has been the subject of two prior rulings by this Court. (Docs. 188 and 213). In these orders we directed an *in camera* review of certain records, and then ordered redacted copies of those records released to Victor. We also received, and reviewed, supplemental

submissions from the Defendants relating to Victor's requests for access to prison policy manuals pertaining to videotaping of cell extractions. (Docs. 217 and 218.) In these submissions, the Defendants objected to the release of these policy manuals and identified a single section of one policy manual which related to videotaping cell extractions, stating:

> The Corrections Defendants object to the release of the 6.3.1 Procedures Manual. Most of the Procedures Manual has nothing to do with the issue of when use of force is to videotaped or videotape retention. The only pertinent section is Section 32. The release of the other sections will compromise safety and security within the institution. The same applies to the 6.5.1 ("Administration of Security Level 5 Housing Units") Procedures Manual.

(Doc. 217, pp.4 and 5.)

Despite this series of rulings, it appears from Victor's latest pleading that he is still awaiting further decisions on release of prison policies manuals to him and other spoliation sanctions. This order responds to Victor's latest request.

### A.     <u>Disclosure of Prison Operations Manuals</u>

With respect to Victor's request for copies of the Department of Corrections Policy Manuals 6.5.1 and 6.3.1, which deal with facility safety and security matters, we note that Victor's initial request (Doc. 169) was unaccompanied by any detailed explanation of the relevance of this information to his lawsuit or any limitations in terms of the scope of the request, factors which led the Defendants to object to this

request, (Doc. 177) citing the justiable security concerns that the institution would have releasing these sensitive operations manuals to an inmate.

In response to these well-grounded concerns of the Defendants, Victor narrowed and refined his request, (Doc. 183.), explaining that he was seeking limited information which is directly relevant to his spoliation argument involving what are alleged to been missing prison tapes relating to Victor's June 28, 2008 cell extraction, an incident in which it is alleged that Victor's jaw was broken, and relating to the subsequent medical treatment provided to Victor immediately after this cell extraction. Focusing on this incident, and the medical treatment which followed, Victor asserts that he is only seeking those portions of the procedure manuals which provide instruction and guidance on documenting cell extractions and preserving video evidence of those cell extractions. This much narrower request seeks evidence that may be relevant to a fully-informed assessment of Victor's spoliation claims relating to what are conceded to be missing videos from the time period of the cell extraction episode.(Doc. 183.) With its scope narrowed in this fashion, Victor's request is more reasonably calculated to lead to discoverable evidence under Rule 26 of the Federal Rules of Civil Procedure , which authorizes "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and further defines relevant evidence in the following terms: "Relevant information need not be

admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

It is well-recognized that issues relating to the scope of discovery permitted under the Rules are to be resolved, almost exclusively, at the discretion of the Court. <u>Wisniewski v. Johns-Manville Corp.</u>, 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983). This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "**nonprivileged matter** that is relevant to any party's claim or defense". Therefore, valid claims of privilege still cabin and restrict the court's discretion in ruling on discovery issues. Recognizing this fact, when addressing inmate requests for access to prison policy manuals, courts have reconciled the interests of inmate-plaintiffs and corrections officials by rejecting broadly framed requests for access to policy manuals, see <u>Paluch v. Dawson</u>, No. 06-1751, 2007 WL 4375937, *4-5 (M.D. Pa. Dec. 12, 2007), while conducting an *in camera* review of prison policy manuals which may be relevant to more narrowly tailored discovery demands. <u>Paluch v. Dawson</u>, No. 06-175, 2008 WL 2785638, *3 (M.D. Pa. July 17, 2008).

This is the course we have followed here. Having conducted this *in camera* review we find that release of the policy manuals themselves would undermine institutional security. Therefore, we will not direct the Defendants to release the policy manuals to Victor, in whole or in part. We recognize, however, that Victor has made a claim of relevance relating specifically to prison cell extraction videotaping policies. Therefore, we will instruct the Corrections Defendants to provide Victor with a declaration which fully and accurately summarizes the cell extraction videotaping policies set forth in Section 32 of the 6.3.1 Procedures Manual, a narrowly tailored disclosure which protects valid institutional security concerns while addressing Victor's proffer fo relevance in this case.

### C.  Spoliation Sanctions–Missing Prison Tapes

Finally, in his motions, Victor has also sought spoliation sanctions, including a spoliation inference instruction at trial, as a penalty for what he alleges was the deliberate destruction of prison videotapes which he claims would have documented some of the allegations which he has made in this lawsuit. (Docs. 169, 183, 361.) In response, the Defendants conceded that some tapes could not be found, and apparently were destroyed, but argue that spoliation sanctions are inappropriate here because there is insufficient evidence to justify a finding of deliberate or negligent spoliation of evidence. (Doc. 177.)

We will deny this request without prejudice to Victor renewing this argument for spoliation sanctions at trial. A spoliation sanction in the form of a spoliation inference instruction is essentially an evidentiary ruling. Evidentiary rulings, including rulings regarding whether a spoliation inference is appropriate, rest in the sound discretion of the court. Ward v. Lamanna, 334 F. App'x 487, 492 (3d. Cir. 2009). That discretion is guided, however, by settled legal tenets, tenets which define both the fundamental nature of spoliation and the appropriate sanctions for acts of spoliation. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. Mosaid Techs., Inc. v. Samsung Elecs. Co., Ltd., 348 F.Supp.2d 332, 335 (D.N.J.2004)." Fortune v. Bitner. No. 01-111, 2006 WL 839346, *1 (M.D.Pa. March 29, 2006); see Ogin v. Ahmed, 563 F.Supp.2d. 539, 542 (M.D. Pa. 2008). In assessing a spoliation claim:

> [R]elevant authority requires that four (4) factors be satisfied for the rule permitting an adverse inference instruction to apply: 1) the evidence in question must be within the party's control; 2) it must appear that there has been actual suppression or withholding of the evidence; 3) the evidence destroyed or withheld was relevant to claims or defenses; and 4) it was reasonably foreseeable that the evidence would later be discoverable. Mosaid, 348 F.Supp.2d at 336 citing Brewer, 72 F.3d at 334; Scott v. IBM Corp., 196 F.R.D. 233, 248-50 (D.N.J.2000); Veloso v. Western Bedding Supply Co., 281 F.Supp.2d 743, 746 (D.N.J.2003). Additionally, the United States District Court for the District of New Jersey recognized: "While a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is

under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." Mosaid, 348 F.Supp.2d at 336  (quoting Scott, 196 F.R.D. at 249).

Ogin,563 F.Supp.2d at 543.

Thus, "[a] party which reasonably anticipates litigation has an affirmative duty to preserve relevant evidence. Baliotis v. McNeil, 870 F.Supp. 1285, 1290 (M.D.Pa.1994). Where evidence is destroyed, sanctions may be appropriate, including the outright dismissal of claims, the exclusion of countervailing evidence, or a jury instruction on the 'spoliation inference.' This inference permits the jury to assume that 'the destroyed evidence would have been unfavorable to the position of the offending party.' Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 78 (3d Cir.1994)." Howell v. Maytag, 168 F.R.D. 502, 505 (M.D.Pa. 1996)

If the court finds that there is a culpable destruction or spoliation of evidence, the question then becomes determining the appropriate sanction for this act of spoliation. In this respect:

> The United States Court of Appeals for the Third Circuit has applied three (3) key considerations to determine whether a sanction for spoliation of evidence is appropriate. Schmid, 13 F.3d at 79. The considerations are: 1) the degree of fault of the party who altered or destroyed the evidence; 2) the degree of prejudice suffered by the opposing party; and 3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. Id. When appropriate, a court may impose any potential

>sanction including: 1) dismissal of a claim or granting judgment in favor of a prejudiced party; 2) suppression of evidence; 3) an adverse inference, referred to as the spoliation inference; 4) fines; and 5) attorneys' fees and costs. Mosaid, 348 F.Supp.2d at 335.

Ogin, 563 F.Supp.2d at 545.

Many of the considerations which determine whether a spoliation sanction is appropriate are factual matters. Therefore, to the extent that Victor seeks a spoliation inference instruction at trial, his entitlement to this instruction will turn on the precise nature of the proof at trial, and the credibility of various witnesses.

Recognizing this fact, we believe that this issue should be deferred to trial. Indeed, while parties often invite courts to make abstract pre-trial rulings these type of evidentiary matters, the United States Court of Appeals for the Third Circuit has cautioned us that "pretrial [rulings regarding evidentiary questions] should rarely be granted. . . ." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . ."). Since Victor has not consented to proceed before this Court, and appellate case law cautions against pre-trial resolution of evidentiary matters like the spoliation inference Victor seeks at trial, we conclude that the appropriate course here is to deny Victor's request

for such a spoliation inference finding at this time, without prejudice to him renewing this request at trial before the trial judge.

Accordingly, this 18th day of May, 2011, in accordance with this memorandum, IT IS ORDERED that the Plaintiff's motion for relief (Doc. 361) is GRANTED in part and DENIED in part as follows:

1. With respect to the Plaintiff's request for Disclosure of Prisons Operations Manuals, this request is DENIED with one exception. IT IS ORDERED that the Corrections Defendants provide Victor with a declaration which fully and accurately summarizes the cell extraction videotaping policies set forth in Section 32 of the 6.3.1 Procedures Manual on or before **June 15, 2011**.

2. With respect to the Plaintiff's request for Spoliation Sanctions, this request is DENIED without prejudice to the Plaintiff renewing this matter at trial.

So ordered this 18th day of May, 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
