# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | **CIVIL NO.3:08-CV-1374** |
| | : | |
| **Plaintiff,** | : | **(Judge Nealon)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **R.M. LAWLER et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

**I.   Statement of Facts and of the Case.**

This is a civil rights action brought by William Victor, a state inmate. In his complaint, Victor, who is proceeding *pro se*, has named an array of Defendants, including the prison superintendent and other employees of the Pennsylvania Department of Corrections at SCI-Huntingdon. Victor alleges that on June 28, 2008, he was assaulted by Corrections Officers while being moved between cells in the Restricted Housing Unit ("RHU") at SCI-Huntingdon. Victor's jaw was broken in this incident, requiring months of medical treatment, both inside and outside the prison. Thus, Victor's initial civil complaint related to alleged constitutional violations at SCI-Huntingdon in the summer of 2008. That complaint identified a number of corrections staff who were allegedly complicit in these violations, and sought declaratory and equitable relief, as well as damages from these individual Defendants.

Victor has now filed a motion for injunctive relief, and an accompanying brief. (Docs. 357-358.) In this motion, the latest in a series of similar requests for injunctive relief, Victor complains about matters that are far removed in time and place from the events which initially gave rise to this lawsuit, and seeks to enjoin a broad class of prison officials who are not parties to this litigation.

Specifically, Victor complains that in 2010 various correctional staff at SCI-Coal, individuals who are not named as parties in this case, began harassing him through comments, assaultive conduct, restrictions on access to his legal materials, and by causing damage to his legal materials. (Id.) Thus, Victor's pleadings indicate that the various matters which he now seeks to enjoin arise at SCI-Coal, an institution far removed from the site of his original complaints, involved events which allegedly occurred years after the events set forth in his complaint, and entailed actions by persons who are not parties to this litigation.

Furthermore, in his motion Victor seeks far-ranging injunctive relief from these non-parties, including orders which would:(1) transfer Victor; (2) regulate the nature and content of communications between Victor and prison staff; and (3) direct prison officials to provide Victor with various specified forms of medical treatment, and access to legal materials. Victor makes this request in the instant lawsuit even though

he has now filed a separate civil action against prison officials at SCI-Coal.. See Victor v. Varano, No. 11-891(M.D.Pa. May 11, 2011).

In addition, Victor requests that the court order the Defendants who remain in this lawsuit to make a series of on-going, detailed financial disclosures to him. The ostensible purpose for this request is that Victor believes that he will need this information in order to execute on any money judgments which he may obtain in this litigation from these Defendants. The parties have fully briefed this motion. (Docs. 357, 358, 363, 365, 366 and 370.) Accordingly, this matter is now ripe for resolution. For the reasons set forth below, it is recommended that the Plaintiff's motion for preliminary injunction be denied.

**II.     Discussion**

    **A.     Preliminary Injunction Rule 65– The Legal Standard.**

Inmate *pro se* pleadings, like those filed here, which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained: "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether

granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006)(denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.' " Emile, 2006 WL 2773261, at * 6 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F .2d 86, 91 (3d Cir.1992)). Thus, when considering such requests, courts are cautioned that:

> "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). Furthermore, the Court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain

>Dealer Publishing Co. v. Cleveland Typographical Union # 53, 520 F.2d 1220, 1230 (6th Cir.1975), cert. denied, 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir.1937).

Emile, 2006 WL 2773261, at *6.

Accordingly, for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Fed.R.Civ.P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989)(emphasis in original), (quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)).

Similarly, to the extent that Victor seeks permanent injunctive relief, he must make a specific and precise legal showing. "A court may issue a permanent injunction [only] where the moving party has demonstrated that: (1) the exercise of jurisdiction is appropriate; (2) the moving party has actually succeeded on the merits of its claim; and (3) the 'balance of equities' favors granting injunctive relief. Ciba-Geigy Corp. v.

Bolar Pharmaceutical Co., 747 F.2d 844 (3d Cir.1984)." Chao v. Rothermel, 327 F.3d 223, 228 (3d Cir. 2003).

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute. Specifically, 18 U.S.C. §3626, limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A).

With respect to preliminary injunctions sought by inmates, courts are further instructed that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Furthermore, several other basic legal tenets guide our discretion in this particular case, where Victor: (1) seeks to enjoin a wide-array of non-parties; (2) requests injunctive relief of a presumably permanent nature without first fully exhausting administrative remedies; and (3) requests relief which goes beyond merely preserving the *status quo* in this litigation, but seeks to impose new, mandatory conditions on prison officials. Each of these aspects of Victor's prayer for injunctive relief presents separate problems and concerns.

For example, injunctions against non-parties, like the injunction sought here by Victor, requires a specific legal showing. To the extent that Victor seeks to enjoin non-parties in this litigation it is clear that: "[a] non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation' with the party against whom injunctive relief is sought. Fed.R.Civ.P. 65(d)." Elliott v. Kiesewetter, 98 F.3d 47, 56 (3d Cir. 1996). Further, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but...at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be used sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982). Indeed, a request for some form of mandatory proactive injunctive relief in the prison

context "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518 (3d Cir. 1995).

Moreover, where a plaintiff seeks injunctive relief of a presumably permanent nature, as Victor does in this case, the plaintiff's failure to timely exhaust his administrative remedies may have substantive significance since the Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under . . . [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1197e(a). Section 1997e's exhaustion requirement applies to a wide-range of inmate complaints, including complaints like those made here grounded in alleged violations of the Eighth Amendment. See Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004); Booth v. Churner, 206 F.3d 289 (3d Cir. 2000). While this exhaustion requirement is not a jurisdictional bar to litigation, this requirement is strictly enforced by the courts. This rigorous enforcement is mandated by a fundamental recognition that § 1997e's exhaustion requirement promotes important public policies. Nyhuis v. Reno, 204 F.3d 65, 75-76 (3d Cir. 2000)(citations omitted). Because of the important policies fostered by this exhaustion requirement, it has been held that there is no futility exception to § 1997e's

exhaustion requirement. Id. Instead, courts have typically required across-the-board administrative exhaustion by inmate plaintiffs who seek to pursue claims in federal court. Moreover, courts have also imposed a procedural default component on this exhaustion requirement, holding that inmates must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004). Applying this procedural default standard to § 1997e's exhaustion requirement, courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal court; see, e.g., Booth v. Churner, 206 F.3d 289 (3d Cir. 2000); Bolla v. Strickland, 304 F. App'x 22 (3d Cir. 2008); Jetter v. Beard, 183 F. App'x 178 (3d Cir. 2006), including requests for injunctive relief in a prison context. Ghana v. Holland, 226 F.3d 175 (3d Cir. 2000).

In addition, to the extent that Victor seeks a preliminary injunction with some enduring effect, he must show that he will be irreparably injured by the denial of this extraordinary relief. With respect to this benchmark standard for a preliminary injunction, in this context it is clear that:

> Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir.1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.),

> cert. denied, 493 U.S. 848, 110 S.Ct. 144, 107 L.Ed.2d 102 (1989). In fact, the Plaintiff must show *immediate* irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994) (citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa.1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury ..." Acierno, 40 F.3d at 655 (citation omitted).

Messner, 2009 WL 1406986, at *4 .

Furthermore, in assessing a motion for preliminary injunction, the court must also consider the possible harm to other interested parties if the relief is granted. Kershner, 670 F.2d at 443. Finally, a party who seeks an injunction must show that the issuance of the injunctive relief would not be adverse to the public interest. Emile, 2006 WL 2773261, at * 6 (citing Dominion Video Satellite, Inc. v. Echostar Corp., 269 F.3d 1149, 1154 (10th Cir.2001)).

      **B.**    **Victor's Request For Injunctive Relief Should Be Denied**

Judged against these exacting standards, in its current form, Victor's motion for injunctive relief fails. At the outset, we note that in the past, inmates have frequently sought preliminary injunctive relief similar to that demanded by Victor here, compelling prison officials to take certain actions with respect to them during the pendency of a lawsuit. Yet, such requests, while often made, are rarely embraced by

the courts. Instead, courts have routinely held that prisoner-plaintiffs are not entitled to use a motion for injunctive relief as a vehicle to compel prison officials to provide them with specific relief and services pending completion of their lawsuits. Thus, courts have rejected inmate requests for injunctions mandating specific housing conditions for prisoners. See, e.g., Messner v. Bunner, No. 07-112E, 2009 WL 1406986 (W.D.Pa. May 19, 2009)(denying inmate preliminary injunction); Brown v. Sobina, No. 08-128E, 2008 WL 4500482 (W.D.Pa. Oct. 7, 2008)(denying inmate preliminary injunction); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006) (denying inmate preliminary injunction). Similarly, courts have been reluctant to accept inmate invitations to use preliminary injunctions as a means to judicially prescribe specific treatment for inmates. In such instances, courts have typically declined such requests citing the inmate's failure to either demonstrate irreparable harm; Rivera v. Pennsylvania Dep't. Of Corrections, 346 F. App'x 749 (3d Cir. 2009);  Rush v. Correctional Medical Services, Inc., 287 F. App'x 142 (3d Cir. 2008), or show a likelihood of success on the merits. Quinn v. Palakovich, 204 F. App'x 116 (3d Cir. 2006). Furthermore, state inmates in Pennsylvania have in the past often invited federal courts to entertain preliminary injunctions directing their jailers to allow them greater access to legal materials. Yet, these requests, while frequently made, have rarely been embraced by the courts. See, e.g., Kershner v. Mazurkiewicz, supra; Edmonds v. Sobina, 296 F. App'x 214, 216 n.3 (3d Cir. 2008); Barnes v.

Quattlebaum, No. 08-2197, 2009 WL 678165 (D.S.C. March 12, 2009); Clay v. Sobina, No. 06-861, 2007 WL 950384 (W.D.Pa. March 26, 2007); Wesley v. Vaughn, No. 99-1228, 2001 WL 1391254 (E.D.Pa. Nov. 7, 2001). In all of these instances, courts have consistently declined inmate invitations to become embroiled in prison management issues.

In this case, our review of the Plaintiff's motion for injunctive relief leads us to conclude that Victor has not made the demanding showing required for this extraordinary form of relief. Indeed, in our view, the current, broadly-framed, request fails for a host of reasons.

First, Victor has not made the threshold showing required for injunctive relief from non-parties, which is what he seeks here. He has not shown that these non-parties are " acting 'in active concert or participation' with the party against whom injunctive relief is sought. Fed.R.Civ.P. 65(d)." Elliott v. Kiesewetter, 98 F.3d 47, 56 (3d Cir. 1996).

Second, Victor's motion does not address the demanding standards prescribed by caselaw and statute for such injunctions, in that he does not present a prayer for relief which is "narrowly drawn, extend[s] no further than necessary to correct the harm . . ., and [is] the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2). Indeed, Victor's prayer for relief is cast broadly and would invite the

Court to intervene in prison housing, discipline, grievance and library access issues, as well as proscribing the content of conversations between Victor and prison staff.

Third, Victor's motion does not explain, whether, and to what extent, administrative relief has been sought, and exhausted, with respect to these matters, which appear to have been the subject of grievance and disciplinary proceedings. In this setting, the failure of Victor to address these matters has substantive significance to the extent that he seeks a permanent injunction of some sort from the Court.

Fourth, we find that Victor has not yet met his threshold obligation of showing reasonable probability of success on the merits. Indeed, this matter is still pending before the Court on at least one summary judgment motion, whose merits have not yet been fully addressed by the Court. Moreover, many of Victor's complaints appear to relate to the tone and tenor of his communications with correctional staff. Demonstrating a likelihood of success on such claims can be particularly challenging since courts often hold that isolated verbal taunts and threats do not rise to the level of a constitutional violation. Wilson v. Horn, 971 F. Supp. 943, 948 (E.D. Pa. 1997), aff'd., 142 F.3d 430 (3d Cir. 1998); Maclean v. Secor, 876 F. Supp. 695, 698-699 (E.D. Pa. 1995); McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001). In addition, to the extent that Victor appears to request an order directing that he be transferred to some other prison, it is well established that the United States

Constitution does not confer any right upon an inmate to any particular custody or security classification. Moody v. Daggett, 429 U.S. 78, 88 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976). Thus, inmates do not have a liberty interest in retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed ... and is not otherwise violative of the Constitution." Id. Given these existing legal impediments to Victor's claims, we cannot find that Victor has shown a likelihood of success on the merits of these claims.

Fifth, while we do not in any way diminish Victor's complaints, we find–as many other courts have found when presented with similar complaints–that this inmate has not shown an immediate irreparable harm justifying a preliminary injunction. See e.g., Rivera v. Pennsylvania Dep't. Of Corrections, 346 F. App'x 749 (3d Cir. 2009)(denying inmate request for injunction); Rush v. Correctional Medical Services, Inc., 287 F. App'x 142 (3d Cir. 2008)(same). In this regard, when considering this benchmark standard for a preliminary injunction, whether the movant will be irreparably injured by denial of the relief, it is clear that: "Irreparable injury is established by showing that Plaintiff will suffer harm that 'cannot be redressed by a legal or an equitable remedy following trial.' Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir.1989) ('The preliminary injunction must be the only way of protecting the plaintiff from harm')." Messner, 2009 WL 1406986, at

\*4 . Moreover, in this context, the word irreparable has a specific meaning and connotes "that which cannot be repaired, retrieved, put down again, [or] atoned for ...." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994) (citations omitted). Thus, an injunction will not issue "simply to eliminate the possibility of a remote future injury ..." Acierno, 40 F.3d at 655 (citation omitted). Therefore, where an inmate-plaintiff is alleging that damages may be an adequate remedy, a preliminary injunction is often not appropriate since the inmate has not shown that he faces immediate, *irreparable* harm. Rivera v. Pennsylvania Dep't. Of Corrections, 346 F. App'x 749 (3d Cir. 2009); Rush v. Correctional Medical Services, Inc., 287 F. App'x 142 (3d Cir. 2008). Here, Victor has recently filed a separate lawsuit, naming officials at SCI Coal Township as Defendants, and seeking damages from those officials. See Victor v. Varano, No. 11-891(M.D.Pa. May 11, 2011). Victor's assertion in this separate lawsuit that he can be compensated by damages from these officials is inconsistent with his claim that the same officials have engaged in conduct resulting in an irreparable injury which requires immediate, extraordinary injunctive relief.

Moreover, applying these legal standards in a case such as this, where the inmate-"Plaintiff's request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in [the] . . . Complaint, . . . [the] Plaintiff cannot demonstrate that he will suffer irreparable harm

if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court, upon consideration of Defendants' motion to dismiss, or at trial. As a result, Plaintiff's motion for preliminary injunction should be denied." Messner, 2009 WL 1406986, at *5. In this case, as we view it, the injunctive relief sought in this case is identical to the broadly framed claims for relief now made by Victor in his latest lawsuit. See Victor v. Varano, No. 11-891(M.D.Pa. May 11, 2011). Since the ultimate issues in this separate lawsuit are inextricably intertwined with the assertions in this motion for injunctive relief, a ruling on this motion might be perceived as speaking in some way to the ultimate issues in this separately filed case brought by Victor. In such instances we should refrain from prematurely granting such relief.

    Further, we note that granting this injunctive relief, which would effectively have the federal courts making *ad hoc*, and individual, decisions concerning the treatment of a single state prisoner, could harm both the Defendants' and the public's interest. In this prison context, the Defendants' interests and the public's interest in penological order could be adversely effected if the Court began dictating the transfer or treatment for the Plaintiff, one inmate out of thousands treated in the Commonwealth's prison system. Therefore, consideration of "whether granting preliminary relief will result in even greater harm to the nonmoving party; and . . .

whether granting the preliminary relief will be in the public interest," Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994), weighs heavily against Victor in this case.

Finally, to the extent that Victor seeks a preliminary injunction for the sole purpose of identifying assets possessed by the Defendants in this case which he may later pursue to satisfy any judgment that might eventually be awarded in this litigation, Victor's motion fails because it is speculative, premature, and because Victor has clearly adequate remedies at law. Victor's motion is speculative and premature because he has no outstanding judgments against any named Defendants, and has not yet demonstrated an entitlement to any judgment in his favor. In short, these issues must await the litigation of the merits of this case. Moreover, this particular request for injunctive relief fails because it is evident that, if Victor eventually secures a money judgment against any Defendant in this case, at that time the law provides him with the tools to execute that judgment. Specifically, Rule 69(a) of the Federal Rules of Civil Procedure provides for discovery in aid of execution of a judgment or execution. The Plaintiff can use the federal discovery rules or the rules of the state to locate, and execute upon assets of any of the Defendants who might be found liable here. Evans v. Chicago Football Franchise Ltd. Partnership, 127 F.R.D. 492, 493 (N.D. Ill. 1989). Therefore, if and when it becomes necessary for Victor to execute upon a judgment, he will have the legal tools at his disposal to achieve this goal. Since

these tools already exist, and Victor's request is simply too speculative and remote to justify injunctive relief, his prayer for that relief should be denied.

### III. **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of the motion for injunctive relief, (Doc. 357 and 358) IT IS RECOMMENDED that the motion be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 25th day of May, 2011.

              ***S/MARTIN C. CARLSON***
              Martin C. Carlson
              United States Magistrate Judge