# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | Civil No. 3:08-CV-01374 |
| | : | |
| **Plaintiff,** | : | **(Judge Nealon)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **R.M. LAWLER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

### I.   Statement of Facts and of the Case.

This is a civil rights action brought by William Victor, an inmate who was formerly confined in the State Correctional Institution at Huntingdon ("SCI-Huntingdon"). In his complaint, Victor, who is proceeding *pro se*, has named an array of defendants, including the prison superintendent and other employees of the Pennsylvania Department of Corrections at SCI-Huntingdon. Victor alleges that on June 28, 2008, he was assaulted by Corrections Officers while being moved between cells in the Restricted Housing Unit ("RHU") at SCI-Huntingdon. Attachment to plaintiff's Amended Complaint at ¶ 6. Victor's jaw was allegedly broken in this assault, requiring medical treatment outside the prison.

As to some of the defendants named in this action, it has been alleged–without dispute–that the Office of Attorney General for the Commonwealth of Pennsylvania

has conducted a criminal investigation to determine whether criminal charges are warranted as to any of these correctional officials. Furthermore, it is apparent that the Commonwealth itself has found that there are substantial, unresolved factual questions relating to the conduct of some correctional officials in connection with this cell extraction since some staff were disciplined for their roles in this matter, and the Commonwealth has withdrawn from representing certain defendants in this civil lawsuit, citing its finding of bad faith deliberate misconduct on their part. (Doc. 113 and 114)

Acknowledging the fact of this criminal investigation, an investigation whose outcome is presently unknown, Victor has filed a motion, styled "Motion for Relief" (Doc. 317), which requested production of investigative records from this criminal investigation for use by Victor in preparing and litigating his civil case arising out of this alleged assault. (Id.) Victor later explained that his request is narrowly tailored and only seeks reports of interview or statements of defendants made outside the grand jury during this criminal probe that may be relevant and probative on the issue of whether any correctional staff defendants assaulted Victor. (Doc. 340)

With Victor's request defined by the plaintiff in this fashion, on April 5, 2011, we entered an order directing the Office of Attorney General to respond to this request, and identify reports of statements by the named defendants in this case,

obtained by investigators outside the grand jury, which may relate to the matters in this litigation, the circumstances surrounding the June 28, 2008, cell extraction of Victor, the way in which Victor's injuries occurred, and the extent to which the scene of the cell extraction was staged, or evidence documenting that cell extraction was altered. (Doc. 345)  Thus, we instructed the Attorney General's office to respond to Victor's specific request and report regarding whether they possessed any documents responsive to that request.

      The Office of Attorney General has complied with this order, filing a response which states in pertinent part as follows:

> After exercising due diligence, the OAG must advise the Court that it does not have any documents fitting this description in its care, custody or control other than the statements that were compiled as part of the DOC's investigation of the incident that gives rise to this matter. Counsel for the DOC has advised that those documents have all been previously supplied to Victor in the course of discovery in this matter. Issuance of a subpoena *duces tecum* for the same would therefore appear to be duplicative and unnecessary.

(Doc. 360, pp.2-3)

Having considered this response, we will deny Victor's motion for relief as moot, since it is represented that all responsive materials sought by that motion have already been produced for the plaintiff.

## II. <u>Discussion</u>

Victor's motion for relief is, in essence, a motion seeking further discovery in this matter. Construed in this fashion, several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, the scope of what type of discovery may be compelled in a case is defined, in part, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1)

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." <u>DiGregorio v. First Rediscount Corp.</u>, 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the

Court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion.  Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).  This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters.  In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through

discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." One other immutable rule defines the court's discretion when ruling on motions to compel discovery. It is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D.Pa. April 9, 2009).

With these legal guideposts in mind, we turn to consideration of Victor's motion for relief. In this case, we have carefully considered Victor's motion, and we have compelled the Commonwealth of Pennsylvania Office of Attorney General to certify whether they possess any responsive materials which would be relevant to the issues in this litigation. The Commonwealth of Pennsylvania Office of Attorney

General now represents that it possesses no responsive materials beyond those previously released to the plaintiff. Given this representation, and recognizing that the court cannot compel the production of things that do not exist, or compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation, see, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D.Pa. April 9, 2009), we will accept the Attorney General's response. Since that response reveals that Victor possesses all of the responsive materials in the care custody and possession of the Attorney General's office, this motion will be denied as moot.

### III. Conclusion and Order

AND Now this 18th day of August 2011, for the foregoing reasons, IT IS ORDERED that the plaintiff's motion for relief (Doc. 317), is DENIED as moot in light of the Commonwealth of Pennsylvania, Office of Attorney General's certification that:

> After exercising due diligence, the OAG must advise the Court that it does not have any documents fitting this description in its care, custody or control other than the statements that were compiled as part of the DOC's investigation of the incident that gives rise to this matter. Counsel for the DOC has advised that those documents have all been

previously supplied to Victor in the course of discovery in this matter. Issuance of a subpoena *duces tecum* for the same would therefore appear to be duplicative and unnecessary.

(Doc. 360, pp.2-3)

                                          ***/s/ Martin C. Carlson***
                                          Martin C. Carlson
                                          United States Magistrate Judge