## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM VICTOR** | : | **Civil No. 3:08-CV-1374** |
| | : | |
| **Plaintiff** | : | **(Judge Nealon)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **R.M. LAWLER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.    Statement of the Case

This case is a prisoner civil rights lawsuit lodged by the plaintiff, William Victor, against correctional staff at SCI Huntingdon. In this lawsuit, Victor alleges, *inter alia*, that he was the victim of staff assaults in June 2008.

Victor has now filed a motion, styled as a motion for emergency relief, (Doc. 374) which invites us to reconsider prior discovery rulings in this litigation. Specifically, Victor urges us to reconsider our prior May 18, 2011 rulings, (Doc. 367), on Victor's earlier motion for sanctions, for other relief related to alleged spoliation of evidence, and to compel production of materials. (Doc. 169.)  This motion was filed by Victor in January of 2010 and has now been the subject of three prior rulings by this Court. (Docs. 188, 213 and 367). In these prior orders we first

directed an *in camera* review of certain records, and then ordered redacted copies of those records released to Victor. We also received, and reviewed, supplemental submissions from the defendants relating to Victor's requests for access to prison policy manuals pertaining to videotaping of cell extractions. (Docs. 217 and 218.) In these submissions, the defendants objected to the release of these policy manuals and identified a single section of one policy manual which related to videotaping cell extractions, stating:

> The Corrections Defendants object to the release of the 6.3.1 Procedures Manual. Most of the Procedures Manual has nothing to do with the issue of when use of force is to videotaped or videotape retention. The only pertinent section is Section 32. The release of the other sections will compromise safety and security within the institution. The same applies to the 6.5.1 ("Administration of Security Level 5 Housing Units") Procedures Manual.

(Doc. 217, pp.4 and 5.)

With respect to Victor's request for copies of the Department of Corrections Policy Manuals 6.5.1 and 6.3.1, which dealt with facility safety and security matters, Victor's initial request (Doc. 169) was unaccompanied by any detailed explanation of the relevance of this information to his lawsuit or any limitations in terms of the scope of the request, factors which led the defendants to object to this request, (Doc. 177) citing the justifiable security concerns that the institution would have releasing these sensitive operations manuals to an inmate. In response to these well-grounded

concerns of the defendants, Victor narrowed and refined his request, (Doc. 183), explaining that he was seeking limited information which was directly relevant to his spoliation argument involving what are alleged to been missing prison tapes relating to Victor's June 28, 2008 cell extraction, an incident in which it is alleged that Victor's jaw was broken, and the subsequent medical treatment provided to Victor immediately after this cell extraction.  Focusing on this incident, and the medical treatment which followed, Victor asserted that he was only seeking those portions of the procedure manuals which provide instruction and guidance on documenting cell extractions and preserving video evidence of those cell extractions.

This much narrower request sought evidence that may be relevant to a fully-informed assessment of Victor's spoliation claims relating to what are conceded to be missing videos from the time period of the cell extraction episode.(Doc. 183.)With its scope narrowed in this fashion, we found on May 18, 2011, that Victor's request was more reasonably calculated to lead to discoverable evidence under Rule 26 of the Federal Rules of Civil Procedure, which authorizes "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and further defines relevant evidence in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  Having conducted this

*in camera* review we granted Victor's request, in part, and instructed the Corrections Defendants to provide Victor with a declaration which fully and accurately summarized the cell extraction videotaping policies set forth in Section 32 of the 6.3.1 Procedures Manual, a disclosure which protected valid institutional security concerns while addressing Victor's proffer of relevance in this case.

Additionally, Victor sought spoliation sanctions, including a spoliation inference instruction at trial, as a penalty for what he alleged was the deliberate destruction of prison videotapes which he claims would have documented some of the allegations which he has made in this lawsuit. (Docs. 169, 183, 361.) In response, the defendants conceded that some tapes could not be found, and apparently were destroyed, but argued that spoliation sanctions were inappropriate because there was insufficient evidence to justify a finding of deliberate or negligent spoliation of evidence. (Doc. 177.)

In our May 18, 2011 ruling, (Doc. 367), we denied this request without prejudice to Victor renewing this argument for spoliation sanctions at trial, noting that many of the considerations which determine whether a spoliation sanction is appropriate are factual matters. Therefore, to the extent that Victor sought a spoliation inference instruction at trial, his entitlement to this instruction would turn on the precise nature of the proof at trial, and the credibility of various witnesses.

Recognizing this fact, we stated that this issue should be deferred to trial, observing that the United States Court of Appeals for the Third Circuit has cautioned us that "pretrial [rulings regarding evidentiary questions]  should rarely be granted. . . ." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . .").  Since Victor had not consented to proceed before this Court, and appellate case law cautioned against pre-trial resolution of evidentiary matters like the spoliation inference Victor sought at trial, we concluded that the appropriate course here was to deny Victor's request for such a spoliation inference finding at this time, without prejudice to him renewing this request at trial before the trial judge.

Victor now invites us to reconsider, and reverse, these prior discovery rulings. (Doc. 374.) Because Victor's pleadings do not demonstrate that reconsideration of these rulings is warranted here, the motion will be denied.

## II.   **Discussion**

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only

be granted in three, narrowly defined circumstances, where there is either : "(1) [an]

intervening change in controlling law, (2) availability of new evidence not previously

available, or (3) need to correct a clear error of law or prevent manifest injustice".

Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992 ). As the United

States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest
> errors of law or fact or to present newly discovered evidence." Max's
> Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779
> F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered
> or amended if the party seeking reconsideration shows at least one of the
> following grounds: (1) an intervening change in the controlling law; (2)
> the availability of new evidence that was not available when the court
> granted the motion for summary judgment; or (3) the need to correct a
> clear error of law or fact or to prevent manifest injustice." Id. (citation
> omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251
(3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not

translate into the type of clear error of law which justifies reconsideration of a ruling.

Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong

interest in the finality of judgments, motions for reconsideration should be granted

sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943

(E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool

to re-litigate and reargue issues which have already been considered and disposed of

by the court. <u>Dodge</u>, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. <u>See</u> <u>Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983).

These legal restrictions on motions to re-consider apply with particular force to motions addressing orders in discovery matters, since discovery orders are governed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, and the scope of discovery permitted under the Rules rests in the sound discretion of the Court. <u>Wisniewski v. Johns-Manville Corp.</u>, 812 F.2d 81, 90 (3d Cir. 1987). Similarly, rulings regarding the extent to which discovery may be compelled are matters consigned to the court's discretion and judgment, and it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." <u>DiGregorio v. First Rediscount Corp.</u>, 506 F.2d 781, 788 (3d Cir. 1974). Thus, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983). Further, this discretion is guided by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches "nonprivileged matter that is relevant to any party's claim or defense". Therefore, valid claims of privilege still cabin and

restrict the court's discretion in ruling on discovery issues. However, the scope of discovery permitted by Rule 26 otherwise embraces all "relevant information," a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Evidentiary rulings regarding whether a spoliation inference is appropriate also rest in the sound discretion of the court. Ward v. Lamanna, 334 F. App'x 487, 492 (3d Cir. 2009). That discretion is guided, however, by settled legal tenets, tenets which define both the fundamental nature of spoliation and the appropriate sanctions for acts of spoliation. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. Mosaid Techs., Inc. v. Samsung Elecs. Co., Ltd., 348 F.Supp.2d 332, 335 (D.N.J.2004)." Fortune v. Bitner. No. 01-111, 2006 WL 839346, *1 (M.D.Pa. March 29, 2006); see Ogin v. Ahmed, 563 F.Supp.2d. 539, 542 (M.D. Pa. 2008). In assessing a spoliation claim:

> [R]elevant authority requires that four (4) factors be satisfied for the rule permitting an adverse inference instruction to apply: 1) the evidence in question must be within the party's control; 2) it must appear that there has been actual suppression or withholding of the evidence; 3) the evidence destroyed or withheld was relevant to claims or defenses; and 4) it was reasonably foreseeable that the evidence would later be discoverable. Mosaid, 348 F.Supp.2d at 336 citing Brewer, 72 F.3d at

334; <u>Scott v. IBM Corp.</u>, 196 F.R.D. 233, 248-50 (D.N.J.2000); <u>Veloso v. Western Bedding Supply Co.</u>, 281 F.Supp.2d 743, 746 (D.N.J.2003). Additionally, the United States District Court for the District of New Jersey recognized: "While a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." <u>Mosaid</u>, 348 F.Supp.2d at 336  (quoting <u>Scott</u>, 196 F.R.D. at 249).

<u>Ogin</u>,563 F.Supp.2d at 543.

Thus, "[a] party which reasonably anticipates litigation has an affirmative duty to preserve relevant evidence. <u>Baliotis v. McNeil</u>, 870 F.Supp. 1285, 1290 (M.D.Pa.1994). Where evidence is destroyed, sanctions may be appropriate, including the outright dismissal of claims, the exclusion of countervailing evidence, or a jury instruction on the 'spoliation inference.' This inference permits the jury to assume that 'the destroyed evidence would have been unfavorable to the position of the offending party.' <u>Schmid v. Milwaukee Elec. Tool Corp.</u>, 13 F.3d 76, 78 (3d Cir.1994)." <u>Howell v. Maytag</u>, 168 F.R.D. 502, 505 (M.D.Pa. 1996)

If the court finds that there is a culpable destruction or spoliation of evidence, the question then becomes determining the appropriate sanction for this act of spoliation. In this respect:

> The United States Court of Appeals for the Third Circuit has applied three (3) key considerations to determine whether a sanction for spoliation of evidence is appropriate. <u>Schmid</u>, 13 F.3d at 79. The considerations are: 1) the degree of fault of the party who altered or

destroyed the evidence; 2) the degree of prejudice suffered by the opposing party; and 3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. Id. When appropriate, a court may impose any potential sanction including: 1) dismissal of a claim or granting judgment in favor of a prejudiced party; 2) suppression of evidence; 3) an adverse inference, referred to as the spoliation inference; 4) fines; and 5) attorneys' fees and costs. Mosaid, 348 F.Supp.2d at 335.

Ogin, 563 F.Supp.2d at 545.

Many of the considerations which determine whether a spoliation sanction is appropriate, however, are factual matters which are best decided by a trial judge in the context of a trial, where the court can consider the precise nature of the proof at trial, and the credibility of various witnesses.

With these guiding principles in mind we turn to the plaintiffs' request that we re-consider these prior discovery rulings. Noting that the plaintiff has not shown that re-consideration is necessary because of: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010), this motion will be denied. Indeed, Victor cannot meet this exacting standard justifying reconsideration of these discovery rulings for at least two reasons.

First, Victor's motion does not address the legal benchmarks which must be met to justify this relief. For example, Victor cites to no new evidence in this case. Nor does he explain how the court's prior rulings constituted a clear error of law or fact which created a manifest injustice. Further, Victor points to no intervening change in the law which would warrant granting a motion to reconsider. More fundamentally, Victor's motion ignores the simple truth that the court's rulings were both fair and actually quite favorable to the plaintiff, in that we granted Victor's request for information regarding prison videotaping policies, and simply deferred a ruling on a spoliation sanction since that issue is more properly reserved and presented to the district court. In short, Victor's motion for relief, (Doc. 374), which invites reconsideration of various discovery rulings fails both legally and factually since it does not present the court with legal or factual grounds that would justify reconsideration of these prior decisions. Therefore, the motion will be denied.

### III.  Conclusion

Accordingly, for the foregoing reasons, the plaintiff's motion for relief, (Doc. 374), is DENIED.  So ordered this 19th day of August, 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge.

-11-