# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM VICTOR** | : | **Civil No. 3:08-CV-1374** |
| | : | |
| **Plaintiff** | : | **(Judge Nealon)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **R.M. LAWLER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.  Statement of the Case

This case is a prisoner civil rights lawsuit lodged by the plaintiff, William Victor, against correctional staff at SCI Huntingdon. In this lawsuit, Victor alleges, *inter alia*, that he was the victim of staff assaults in June 2008.

Victor has filed two motions seeking a hearing on spoliation of evidence claims relating to what are conceded to be missing videos from the time period of the cell extraction episode, as well as allegations that some correctional staff destroyed, manufactured or failed to record evidence of wrongdoing on June of 2008. (Docs. 397 and 401.)  On May 18, 2011, (Doc. 367), we initially denied this request for a hearing without prejudice  to Victor renewing this argument for spoliation sanctions at trial, noting that many of the considerations which determine whether a spoliation sanction

is appropriate are factual matters. Having received Victor's latest request for a hearing, and after consultation with the district court, we have re-considered this position. In order to facilitate prompt resolution of this issue this court will conduct a hearing on the spoliation claim, and prepare a report and recommendation for the district court addressing this claim.

In addressing this claim the court places the parties on notice that it will apply settled legal tenets, tenets which define both the fundamental nature of spoliation and the appropriate sanctions for acts of spoliation. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. Mosaid Techs., Inc. v. Samsung Elecs. Co., Ltd., 348 F.Supp.2d 332, 335 (D.N.J.2004)." Fortune v. Bitner. No. 01-111, 2006 WL 839346, *1 (M.D.Pa. March 29, 2006); see Ogin v. Ahmed, 563 F.Supp.2d. 539, 542 (M.D. Pa. 2008). In assessing a spoliation claim:

> [R]elevant authority requires that four (4) factors be satisfied for the rule permitting an adverse inference instruction to apply: 1) the evidence in question must be within the party's control; 2) it must appear that there has been actual suppression or withholding of the evidence; 3) the evidence destroyed or withheld was relevant to claims or defenses; and 4) it was reasonably foreseeable that the evidence would later be discoverable. Mosaid, 348 F.Supp.2d at 336 citing Brewer, 72 F.3d at 334; Scott v. IBM Corp., 196 F.R.D. 233, 248-50 (D.N.J.2000); Veloso v. Western Bedding Supply Co., 281 F.Supp.2d 743, 746 (D.N.J.2003). Additionally, the United States District Court for the District of New Jersey recognized: "While a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is

> under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." Mosaid, 348 F.Supp.2d at 336 (quoting Scott, 196 F.R.D. at 249).

Ogin, 563 F.Supp.2d at 543.

Thus, "[a] party which reasonably anticipates litigation has an affirmative duty to preserve relevant evidence. Baliotis v. McNeil, 870 F.Supp. 1285, 1290 (M.D.Pa.1994). Where evidence is destroyed, sanctions may be appropriate, including the outright dismissal of claims, the exclusion of countervailing evidence, or a jury instruction on the 'spoliation inference.' This inference permits the jury to assume that 'the destroyed evidence would have been unfavorable to the position of the offending party.' Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 78 (3d Cir.1994)." Howell v. Maytag, 168 F.R.D. 502, 505 (M.D.Pa. 1996)

If the court finds that there is a culpable destruction or spoliation of evidence, the court will then make recommendations regarding the appropriate sanction for any act of spoliation. In this respect:

> The United States Court of Appeals for the Third Circuit has applied three (3) key considerations to determine whether a sanction for spoliation of evidence is appropriate. Schmid, 13 F.3d at 79. The considerations are: 1) the degree of fault of the party who altered or destroyed the evidence; 2) the degree of prejudice suffered by the opposing party; and 3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. Id. When appropriate, a court may impose any potential

sanction including: 1) dismissal of a claim or granting judgment in favor of a prejudiced party; 2) suppression of evidence; 3) an adverse inference, referred to as the spoliation inference; 4) fines; and 5) attorneys' fees and costs. Mosaid, 348 F.Supp.2d at 335.

Ogin, 563 F.Supp.2d at 545.

Thus, the parties should be prepared to address these considerations at this hearing. With the parameters of these proceedings defined in this fashion IT IS ORDERED as follows:

1. The plaintiff's motions for hearing (Docs. 387 and 401) are GRANTED.

2. An evidentiary hearing regarding whether a spoliation sanction inference is warranted in this case will be conducted before the undersigned on **November 14, 20111, at 10:00 a.m.** in Courtroom 5 U.S. Courthouse, 228 Walnut Street, Harrisburg, Pennsylvania.

3. The parties shall submit pre-hearing briefs arguing their respective positions regarding the appropriateness of a spoliation sanction inference as to each defendant on or before **November 7, 2011.**

4. *Pro se* defendants are expected to attend and participate in this hearing, and a failure to attend, and participate, may result in imposition of sanctions against that party.

5. While there is an indication that the Department of Corrections defendants may no longer be participants in this litigation, it is requested that counsel for these defendants attend this hearing.

So ordered this 7th day of October, 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge.
