**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | **Civil No. 3:08-CV-1374** |
| | : | |
| **Plaintiff,** | : | **(Judge Nealon)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **R.M. LAWLER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM ORDER**

## I. Introduction

This case is a prisoner civil rights lawsuit lodged by the plaintiff, William Victor, against correctional staff at SCI-Huntingdon. In this lawsuit, Victor alleges, *inter alia*, that he was the victim of staff assaults in June 2008.

Victor has filed two motions seeking a hearing on spoliation of evidence claims relating to what are conceded to be missing videos from the time period of the cell extraction episode, as well as allegations that some correctional staff destroyed, manufactured or failed to record evidence of wrongdoing on June of 2008. (Docs. 397 and 401) On May 18, 2011, (Doc. 367), we initially denied this request for a hearing without prejudice to Victor renewing this argument for spoliation sanctions at trial, noting that many of the considerations which determine whether a spoliation sanction

is appropriate are factual matters. Having received Victor's latest request for a hearing, and after consultation with the district court, we have re-considered this position. In order to facilitate prompt resolution of this issue on October 7, 2011, this Court entered an order indicating that the Court will conduct a hearing on the spoliation claim on November 14, 2011, and prepare a report and recommendation for the district court addressing this claim.

Presently before the Court are two motions, styled as motions for relief, which requests that various exhibits and witnesses be available at this hearing. (Docs. 405 and 411) The second of these motions, (Doc. 411), was filed by Victor on November 1, 2011. We also have received from the Department of Corrections a response to Victor's first motion for relief, outlining the position of that agency on these matters. (Doc. 413)

## II. <u>Discussion</u>

As we have previously observed for the parties, the factors that guide our consideration of these matters are familiar ones: "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. <u>Mosaid Techs., Inc. v. Samsung Elecs. Co., Ltd.</u>, 348 F.Supp.2d 332, 335 (D.N.J.2004)." <u>Fortune v. Bitner.</u>

No. 01-111, 2006 WL 839346, *1 (M.D.Pa. March 29, 2006); see Ogin v. Ahmed, 563 F.Supp.2d. 539, 542 (M.D. Pa. 2008). In assessing a spoliation claim:

> [R]elevant authority requires that four (4) factors be satisfied for the rule permitting an adverse inference instruction to apply: 1) the evidence in question must be within the party's control; 2) it must appear that there has been actual suppression or withholding of the evidence; 3) the evidence destroyed or withheld was relevant to claims or defenses; and 4) it was reasonably foreseeable that the evidence would later be discoverable. Mosaid, 348 F.Supp.2d at 336 citing Brewer, 72 F.3d at 334; Scott v. IBM Corp., 196 F.R.D. 233, 248-50 (D.N.J.2000); Veloso v. Western Bedding Supply Co., 281 F.Supp.2d 743, 746 (D.N.J.2003). Additionally, the United States District Court for the District of New Jersey recognized: "While a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." Mosaid, 348 F.Supp.2d at 336 (quoting Scott, 196 F.R.D. at 249).

Ogin,563 F.Supp.2d at 543.

Thus, "[a] party which reasonably anticipates litigation has an affirmative duty to preserve relevant evidence. Baliotis v. McNeil, 870 F.Supp. 1285, 1290 (M.D.Pa. 1994). Where evidence is destroyed, sanctions may be appropriate, including the outright dismissal of claims, the exclusion of countervailing evidence, or a jury instruction on the 'spoliation inference.' This inference permits the jury to assume that 'the destroyed evidence would have been unfavorable to the position of the offending party.' Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 78 (3d Cir.1994)." Howell v. Maytag, 168 F.R.D. 502, 505 (M.D.Pa. 1996)

If the Court finds that there is a culpable destruction or spoliation of evidence, the Court will then make recommendations regarding the appropriate sanction for any act of spoliation. In this respect:

> The United States Court of Appeals for the Third Circuit has applied three (3) key considerations to determine whether a sanction for spoliation of evidence is appropriate. Schmid, 13 F.3d at 79. The considerations are: 1) the degree of fault of the party who altered or destroyed the evidence; 2) the degree of prejudice suffered by the opposing party; and 3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. Id. When appropriate, a court may impose any potential sanction including: 1) dismissal of a claim or granting judgment in favor of a prejudiced party; 2) suppression of evidence; 3) an adverse inference, referred to as the spoliation inference; 4) fines; and 5) attorneys' fees and costs. Mosaid, 348 F.Supp.2d at 335.

Ogin, 563 F. Supp. 2d at 545.

With these principles in mind, we make the following rulings on Victor's motions for relief, and provide the following guidance to the parties regarding the conduct of this spoliation sanctions hearing:

First, with respect to the issues raised by Victor in his first motion for relief, (Doc. 405), to the extent that Victor seeks spoliation sanctions against individual defendants who remain in this action, those individual defendants, both represented and proceeding *pro se*, shall be present and available to testify at the hearing. In

addition, to the extent that Victor is a witness to this alleged spoliation, he too should be prepared to testify and be subject to cross examination at this hearing. Of course, all witnesses may, as appropriate, invoke any constitutional or common law privileges which they may have regarding responses to particular questions.

Second, since many of these issues relate to matters which were the subject of an OPR investigation and report, Investigator Gary Hiler, who inquired into these matters shall be available to testify regarding the results of his interviews and his review of evidence. Investigator Hiler should bring copies of these reports of interview and any physical evidence in his possession to this hearing.

Third, as agreed to by the corrections defendants, Lt. Morrison and Captain Harris will be available to testify regarding the creation and maintenance of videotapes at SCI-Huntingdon.

The corrections defendants shall also produce copies of any relevant videotapes from June 28-29, 2008, for viewing by the Court. Consistent with our prior rulings, however, copies of these videos may be viewed, but not retained, by the plaintiff.

As for Victor's requests for production of additional medical witnesses, other correctional staff, and other inmates, at this time we will deny these requests, but will give Victor the opportunity to specifically proffer by **November 10, 2011**, what

information he anticipated eliciting from these witnesses, and we will determine on November 14, 2011, whether there is any objection to the Court's consideration of this proffered information without the necessity of calling further witnesses.

Victor's second motion for relief, (Doc. 411), seeks a copy of the transcript of defendant William Diffin's civil service appeal hearing held on November 9, 2009, to the extent that such a transcript exists and is in the possession of any party, it shall be produced at the November 14, 2011, hearing, and the Court will entertain argument from the litigants at that time regarding disclosure of the transcript to the plaintiff.

## III. Conclusion

In accordance with the foregoing memorandum Order, the plaintiff's motions for relief, (Docs. 405 and 411), are GRANTED in part and DENIED in part.

So ordered, this 2nd day of November, 2011.

***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge.