IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
NOV 3 0 2011
PER _____
DEPUTY CLERK

WILLIAM VICTOR,
    Plaintiff

v.

SCI SMITHFIELD, et al.,
    Defendants

CIVIL NO. 3:08-cv-1374

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM and ORDER

On July 21, 2008, Plaintiff, William Victor, initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). He filed an Amended Complaint on September 26, 2008. (Doc. 16). Plaintiff alleged, inter alia, that while he was incarcerated at the State Correctional Institution ("SCI") Huntingdon, Pennsylvania, prison officials abused and harassed him in retaliation for filing grievances and a civil lawsuit, failed to provide medical treatment, and denied him due process at misconduct hearings. (Id.). On May 2, 2011, Plaintiff filed a motion for relief seeking a preliminary injunction and temporary restraining order against Defendants and against persons at SCI- Coal Township, where he was then confined.[1] (Docs. 357-358). On May 25, 2011, Magistrate Judge Martin C. Carlson filed a Report and Recommendation ("R&R")

---

[1] Plaintiff filed a notice stating that he was recently transferred to SCI- Pittsburgh for oral surgery, but expects to be returned to SCI- Camp Hill after the holidays. See Civil No. 3:11-cv-891 at (Doc. 57). However, the Pennsylvania Department of Corrections' Inmate Locator lists Plaintiff's current location as SCI- Pittsburgh, but shows his permanent location as SCI- Coal Township, not SCI- Camp Hill. This Court notes that from November 14, 2011 to November 16, 2011, Plaintiff appeared before Magistrate Judge Carlson in Harrisburg, Pennsylvania for a spoliation hearing. See (Docs. 419, 425-438). SCI- Camp Hill is the closest state prison to the court. Assuming that Plaintiff was only temporarily housed at SCI- Camp Hill for the hearing and will be returned to SCI- Coal Township after his surgery, the Court will consider the merits of the motion for injunctive relief. See Fortes v. Harding, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998) (Vanaskie, J.) (concluding that unless there is a reasonable likelihood that the prisoner will be returned to the prison against which he seeks injunctive relief, the prisoner's transfer to another institution moots any claims for injunctive or declaratory relief), citing Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3rd Cir. 1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3rd Cir. 1981).

recommending that the motion be denied. (Doc. 371). Plaintiff filed objections to the R&R on June 7, 2011. (Doc. 372). For the reasons set forth below, the R&R will be adopted.

**Background**[2]

The Amended Complaint alleged, inter alia, that on June 28, 2008, numerous named Defendants conspired to brutally attack Plaintiff in three locations of the Restrictive Housing Unit ("RHU") at SCI- Huntingdon. (Id. at p. 5). Plaintiff claimed that these prison officials kicked, punched, tortured with electricity, and violently beat him, causing a broken jaw and other injuries. (Id.). The Amended Complaint alleged that a noose was planted in Plaintiff's cell to support Defendants' falsified account of the incident, namely that Plaintiff's injuries were self-inflicted and/or occurred when they entered Plaintiff's cell to save him from a suicide attempt. (Id.). Plaintiff also alleged that Defendants were deliberately indifferent to his medical needs and conspired to cover up the assault. (Id.).

On May 2, 2011, Plaintiff filed a motion for relief, in the nature of a preliminary injunction and temporary restraining order, against Defendants in the instant action and against staff at SCI- Coal Township. (Docs. 357-358). He alleged that he was being abused and threatened by corrections officers at SCI- Coal Township and that his property had been destroyed. (Id.). Plaintiff requested a transfer and/or an order directing SCI- Coal Township staff to stop these alleged actions. (Id.). The motion also sought discovery-related information regarding Defendants' current residences, employment, and finances. (Id.). Plaintiff requested an order prohibiting Defendants from transferring any personal funds. (Id.).

On May 11, 2011, Plaintiff filed a separate civil rights complaint pursuant to 42 U.S.C. §

---

[2]There has been significant litigation in the instant action that will not be detailed herein.

1983 against eighteen (18) prison officials at SCI- Coal Township. See Victor v. Varano, et al., 3:11-cv-891 (M.D. Pa. 2011). In that complaint, Plaintiff alleged, inter alia, that he was denied mental health treatment for his post-traumatic stress disorder, was issued false misconducts and otherwise retaliated against, had his property destroyed or taken from his cell, was subjected to excessive force on April 28, 2011, and was continually harassed and threatened. Id. at (Docs. 1, 23). On August 9, 2011, Plaintiff filed a motion for injunctive relief and a temporary restraining order requesting either his transfer out of SCI- Coal Township or mental health therapy in a secure area of the RHU and treatment for pain in his face, ear, and mouth. Id. at (Docs. 30-31). On October 21, 2011, this Court entered an Order adopting Magistrate Judge Carlson's R&R and denying Plaintiff's motion for injunctive relief. Id. at (Doc. 51) (adopting (Doc. 45)). The civil case is pending.

In the instant action, Magistrate Judge Carlson issued an R&R on May 25, 2011, discussing Plaintiff's motion for relief. (Doc. 371). The Magistrate Judge first determines that Plaintiff has failed to show that the non-parties against whom he seeks injunctive relief are acting in active concert or participation with the parties to this action. (Id. at p. 12). Second, the Report states that "Plaintiff's motion does not address the demanding standards prescribed by caselaw and statute for such injunctions, in that he does not present a prayer for relief which is 'narrowly drawn, extend[s] no further than necessary to correct the harm . . ., and [is] the least intrusive means necessary to correct that harm.'" (Id.) (quoting 18 U.S.C. § 3626(a)(2)). Next, the R&R concludes that Plaintiff has failed to explain what, if any, administrative remedies have been exhausted. (Id. at pp. 9, 13) ("[C]ourts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal

3

court..., including requests for injunctive relief in a prison context."), citing Ghana v. Holland, 226 F.3d 175 (3d Cir. 2000). Fourth, Magistrate Judge Carlson determines that Plaintiff "has not yet met his threshold obligation of showing reasonable probability of success on the merits." (Doc. 371, pp. 13-14). Specifically, because isolated verbal threats do not rise to the level of a constitutional violation, the Magistrate Judge finds that Plaintiff's complaints relating "to the tone and tenor of his communications with correctional staff" are not likely to succeed. (Id.) (citing Wilson v. Horn, 971 F. Supp. 943, 948 (E.D. Pa. 1997), aff'd., 142 F.3d 430 (3d Cir. 1998)). Additionally, to the extent Plaintiff seeks transfer to another prison, the R&R states: "it is well established that the United States Constitution does not confer any right upon an inmate to any particular custody or security classification." (Id.) (citing Moody v. Daggett, 429 U.S. 78, 88 (1976)). Next, the Report states that Plaintiff has not shown an immediate irreparable harm justifying a preliminary injunction. (Doc. 371, p. 14) (citing Rivera v. Pennsylvania Dep't. Of Corrections, 346 F. App'x 749 (3d Cir. 2009)). Magistrate Judge Carlson determines that Plaintiff's claim that he will face irreparable injury if an injunction is not issued is inconsistent with his assertion in Victor v. Varano, 3:11-cv-891, that he can be compensated by SCI- Coal Township with damages. (Id. at p. 15). Further, the ultimate issue will be decided in this separate civil action and it would be premature to grant the motion for an injunction. (Id. at p. 16). The R&R also concludes that granting injunctive relief would have the federal court making an ad hoc decision concerning the treatment of a single state prisoner, which could harm both the Defendants' and the public's interest. (Id.). Finally, to the extent Plaintiff seeks a preliminary injunction to identify Defendants' assets which he may later pursue to satisfy any potential judgment, the Report indicates that the "motion fails because it is speculative, premature, and

4

because [he] has clearly adequate remedies at law." (Id. at p. 17) (citing FED. R. CIV. P. 69(a); Evans v. Chicago Football Franchise Ltd. Partnership, 127 F.R.D. 492, 493 (N.D. Ill. 1989)). Accordingly, Magistrate Judge Carlson recommends that Plaintiff's motion for relief be denied. (Id. at p. 18).

In his objections, Plaintiff states that he objects entirely to the reasoning of the R&R. (Doc. 372, p. 1). He reiterates the claims presented in his motion for relief. (Id.). Plaintiff alleges that there is a pattern of abuse by officials at SCI- Coal Township and that they are "acting in concert with the D.O.C." (Id.). He argues that an order preventing Defendants from spending assets is necessary because at a mediation conference, Defendants stated they would not pay any damage award entered against them and that Plaintiff would have to "chase them." (Id.). Additionally, Plaintiff contends that the Magistrate Judge is biased and his findings "defy logic." (Id. at p. 2). He suggests that the R&R is excusing the alleged abuse by SCI- Coal Township staff based on the separate civil action brought against them. (Id.). Plaintiff also accuses the Magistrate Judge of plotting with counsel for the Department of Corrections ("DOC") to deprive Plaintiff from securing damages. (Id.).

**Standard of Review- Objections to R&R**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S.

Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). If no objections are made to a report, the district court is not required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149 (1985). Nevertheless, it is better practice to afford some level of review to dispositive legal issues raised by the report. Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987)). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Standard of Review- Preliminary Injunction**

The R&R thoroughly outlines the standard of review for a preliminary injunction, specifically:

> "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D. Pa. Sept. 24, 2006) (denying inmate preliminary injunction).
> A preliminary injunction is not granted as a matter of right. Kerschner v.

> Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.'" Emile, 2006 WL 2773261, at * 6 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992)).

(Doc. 371, pp. 3-4). "'Irreparable injury is established by showing that Plaintiff will suffer harm that 'cannot be redressed by a legal or an equitable remedy following trial.'" (Id. at p. 14) (quoting Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)). The Report also describes Plaintiff's burden in seeking permanent injunctive relief:

> [H]e must make a specific and precise legal showing. "A court may issue a permanent injunction [only] where the moving party has demonstrated that: (1) the exercise of jurisdiction is appropriate; (2) the moving party has actually succeeded on the merits of its claim; and (3) the 'balance of equities' favors granting injunctive relief. Ciba-Geigy Corp. v. Bolar Pharmaceutical Co., 747 F.2d 844 (3d Cir. 1984)." Chao v. Rothermel, 327 F.3d 223, 228 (3d Cir. 2003).

(Doc. 371, pp. 5-6). Further, to the extent Plaintiff is seeking to enjoin non-parties in this litigation, the R&R states: "'[a] non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation' with the party against whom injunctive relief is sought. FED. R. CIV. P. 65(d).' Elliott v. Kiesewetter, 98 F.3d 47, 56 (3d Cir. 1996)." (Doc. 371, p. 7).

Magistrate Judge Carlson also discusses the limitations on the power of courts to enter injunctions in a correctional context. (Doc. 371, p. 6) (citing 18 U.S.C. § 3626). The Report explains that "courts have rejected inmate requests for injunctions mandating specific housing conditions for prisoners." (Id. at p. 11) (citing Messner v. Bunner, 2009 U.S. Dist. LEXIS 42387 (W.D. Pa. 2009)). "Similarly, courts have been reluctant to accept inmate invitations to use

7

preliminary injunctions as a means to judicially prescribe specific treatment for inmates." (Id.) (citing Rivera, 346 F. App'x 749; Quinn v. Palakovich, 204 F. App'x 116 (3d Cir. 2006)). The R&R states that the courts have rarely issued preliminary injunctions directing the prisons to allow inmates greater access to legal materials. (Doc. 371, p. 11) (citing Kershner v. Mazurkiewicz, 670 F.2d 440 (3d Cir. 1982)).

After review, this Court will adopt the legal standard for injunctive relief as described by Magistrate Judge Carlson. See (Doc. 371, pp. 3-10).

**Discussion**

As to Plaintiff's request for injunctive relief against the staff at SCI- Coal Township, this Court lacks jurisdiction in the instant action to issue a preliminary injunction. See Hatahley v. United States, 351 U.S. 173, 182 (1956) (holding that the district courts do not possess the power to enjoin the United States or individual agents of the United States over whom it never acquired personal jurisdiction). After de novo review, this Court agrees with Magistrate Judge Carlson that Plaintiff has failed to establish that officials at SCI- Coal Township "are in active concert or participation with" Defendants. See FED. R. CIV. P. 65. Other than Plaintiff's unsupported allegations to the contrary, there is no evidence to suggest that the staff at SCI- Coal Township have even communicated with Defendants at SCI- Huntingdon. See NLRB v. Northern Metal Co., 440 F.2d 881, 884 (3d Cir. 1971) (defining "concert" as an "agreement in a design or plan; union formed by mutual communication of opinions and views; accordance in a scheme; harmony; simultaneous action ... mutually contrived or planned; agreed on"). Consequently, Plaintiff has not shown that the non-party actors at SCI- Coal Township are in active concert or participation with Defendants at SCI- Huntingdon. See Glazewski v. Corzine, 2008 U.S. Dist.

LEXIS 57604, *5-6 (D. N.J. 2008) (denying injunctive relief because the complaint raised events occurring at one state prison, while the motion for an injunction concerned matters occurring on a later date at another state prison); see also Santiago v. Walls, 196 Fed. Appx. 416, 417 (7th Cir. 2006) (denying the prisoner's motion for injunctive relief because "the motion concerned Pontiac guards who were neither defendants in the action nor alleged to be under the control of the Menard defendants"), writ denied 549 U.S. 1022 (2006).

Moreover, Plaintiff has not established that he will be irreparably harmed if an injunction against SCI- Coal Township is not granted. First, because Plaintiff has a pending civil action against officials at SCI- Coal Township regarding the very conduct Plaintiff challenges in the instant motion for relief, he could seek an injunction in Civil No. 3:11-cv-891. In that action, this Court would have jurisdiction to issue injunctive relief, if appropriate, against the staff at SCI- Coal Township. Second, as Magistrate Judge Carlson correctly points out, because the ultimate issues will be decided in the separate civil action, it would be premature to grant the motion for an injunction. See Rivera, 346 Fed. Appx. at 750 (finding that the plaintiff had not shown that his assault by prison guards could not be remedied following a final determination on the merits of his claims).

Further, because any harm to Plaintiff can be redressed by an equitable remedy against officials at SCI- Coal Township and at SCI- Huntingdon, he fails to meet his burden of demonstrating irreparable injury. In both actions, Plaintiff seeks monetary damages. However, "a preliminary injunction must be the only way of protecting the plaintiff from harm and may not be granted to relieve purely economic harm." Heim v. Dauphin County Prison, 2011 U.S. Dist. LEXIS 85808, *2 (M.D. Pa. 2011) (Caputo, J.) (finding, as a matter of law, that the plaintiff

could not demonstrate irreparable harm because any injury he sustained would be compensable by an award of monetary damages), citing Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)). "The availability of adequate monetary damages belies a claim of irreparable injury." Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988).

Finally, this Court agrees with the R&R that to the extent Plaintiff seeks a preliminary injunction to identify and freeze assets that Defendants may eventually need to satisfy any monetary award issued against them, the motion is speculative and premature. Importantly, the United States Supreme Court holds that the district courts have "no authority to issue a preliminary injunction preventing [defendants] from disposing of their assets pending adjudication of [a plaintiff's] claim for money damages." Grupo Mexicano De Desarrollo v. Alliance Bond Fund, 527 U.S. 308, 333 (1999); see also F.T. Int'l, Ltd. v. Mason, 2000 U.S. Dist. LEXIS 14601 (E.D. Pa. 2000). Accordingly, Plaintiff has not shown that he is entitled to the extraordinary form of injunctive relief.

In reaching these conclusions, this Court considered, and rejected, Plaintiff's objections to the R&R. As discussed, Plaintiff offers no factual basis or evidence to support his allegations that the staff at SCI- Coal Township are acting in concert with the DOC. There is also nothing in the record to suggest that Magistrate Judge Carlson is biased or is conspiring with defense counsel against Plaintiff. Contrary to the objections, the R&R does not excuse the alleged abuse by SCI- Coal Township staff on the grounds of the separate civil complaint; rather, it is the fact that there is another avenue under which Plaintiff may obtain relief that precludes a finding of irreparable injury if the preliminary injunction is not granted. In light of the decision in Grupo

Mexicano De Desarrollo precluding the issuance of a preliminary injunction to stop a party from disposing of his/her assets pending adjudication of a monetary claim for damages, Plaintiff's allegations that Defendants stated they would not pay any damage award, forcing Plaintiff to "chase them" is also unpersuasive. After de novo review, this Court will adopt Magistrate Judge Carlson's recommendation to deny Plaintiff's motion for relief.

**Conclusion**

Plaintiff fails to establish that the non-parties at SCI- Coal Township he seeks to enjoin are acting in active concert or participation with Defendants; therefore, this Court lacks jurisdiction to issue a preliminary injunction against them. Moreover, because Plaintiff has a separate, pending civil action against SCI- Coal Township and because any harm may be redressed by an equitable remedy by SCI- Coal Township and by Defendants, he has not shown that he will be irreparably injured if the motion for an injunction is denied. Finally, this Court does not have the authority, in the absence of a judgment award against Defendants, to issue an injunction precluding them from disposing of their assets. After de novo review, Plaintiff's objections will be overruled, the R&R will be adopted, and the motion for relief will be denied.

United States District Judge

**Date:** November 30, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM VICTOR,<br>    Plaintiff | :<br>:<br>:   CIVIL NO. 3:08-1374 |
| v. | :<br>:<br>:   (JUDGE NEALON) |
| SCI SMITHFIELD, et al.,<br>    Defendants | :   (MAGISTRATE JUDGE CARLSON)<br>: |

## ORDER

**NOW,** THIS 30th DAY OF NOVEMBER, 2011, **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 371) is **ADOPTED**;

2. Plaintiff's motion for relief (Doc. 357) is **DENIED**;

3. Plaintiff's objections to the R&R (Doc. 372) are **OVERRULED**;

4. This case is **REMANDED** to Magistrate Judge Carlson for further proceedings;

5. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

*[Signature]*
**United States District Judge**