# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | Civil No. 3:08-CV-1374 |
| | : | |
| Plaintiff, | : | **(Judge Nealon)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **R.M. LAWLER, et al.,** | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

This case is a prisoner civil rights lawsuit lodged by the plaintiff, William Victor, against correctional staff at SCI Huntingdon. In this lawsuit, Victor alleges, *inter alia*, that he was the victim of staff assaults in June 2008, staff assaults committed by a cell extraction team led by the defendant, William Diffin. Victor has filed two motions seeking a hearing on spoliation of evidence claims relating to what are conceded to be missing videos from the time period of the cell extraction episode, as well as allegations that some correctional staff destroyed, manufactured or failed to record evidence of wrongdoing in June of 2008. (Docs. 397 and 401)

On October 7, 2011, we entered an order scheduling a hearing for all parties in this case, a copy of which was mailed to defendant Diffin, who is proceeding *pro se.* This order plainly stated as follows:

> IT IS ORDERED as follows:
>
> 1. The plaintiff's motions for hearing (Docs. 387 and 401) are GRANTED.
>
> 2. An evidentiary hearing regarding whether a spoliation sanction inference is warranted in this case will be conducted before the undersigned on **November 14, 2011, at 10:00 a.m.** in Courtroom 5, U.S. Courthouse, Harrisburg, Pennsylvania.
>
> 3. The parties will submit pre-hearing briefs arguing their respective positions regarding the appropriateness of a spoliation sanction inference as to each defendant on or before **November 7, 2011**.
>
> 4. *Pro se* defendants are expected to attend and participate in this hearing, and a failure to attend, and participate, may result in imposition of sanctions against that party.

(Doc. 402)

Despite our clear instruction that "*Pro se* defendants are expected to attend and participate in this hearing, and a failure to attend, and participate, may result in imposition of sanctions against that party," (id.) Defendant Diffin did not appear, and did not attend this hearing. Diffin's failure to appear at this hearing prejudiced Victor's presentation, prejudiced the interests of his co-defendants, and impeded the work of this Court.

Late on November 16, 2011, Diffin faxed to this Court a document, styled "Request for Reconsideration on Spoliation Issue." (Doc. 433) In this pleading Diffin admitted that he "has received several memorandum orders . . . and other related documents from the Court" in this case. Ignoring the explicit instructions in the Court's October 7 order that "*Pro se* defendants are expected to attend and participate in this hearing, and a failure to attend, and participate, may result in imposition of sanctions against that party," Diffin claimed that he "wrongfully assumed his presence was not necessary," even through his conduct was a central issue at this hearing. Diffin then complained that appearing in Court entails a "huge amount of travel," and stated that he would require a "great deal of advance notice in the future", if he was to appear. Diffin's pleading did not explain how the 5 weeks of advance notice provided to him by this Court in this October 7 order was inadequate. Instead, Diffin simply asked the Court to "consider deferring or eliminating the need for Defendant Diffin's presence in spoliation hearing."

On November 17, 2011, we entered an order denying Diffin's request to after-the-fact excuse his failure to appear at this hearing, and directing Diffin to appear in Courtroom 5, United States Courthouse, Harrisburg, Pennsylvania on **December 6, 2011 at 10:00 a.m.** to show cause why he should not be sanctioned for his failure to appear, and to respond to the plaintiff's motion for entry of default judgment against

this defendant. In this November 17 order Diffin was further directed to file a written response to this show cause order and default motion on or before **December 1, 2011**. Diffin was advised that the failure to respond or appear may result in entry of judgment against the defendant, and other sanctions.

Diffin has not filed a December 1, 2011, response as required by this Court's November 17 order. Given Diffin's further defaults in this matter, we will not excuse him from appearing on December 6, 2011, but we will excuse the other parties from what may be a fruitless and unnecessary proceeding. Thus, while Diffin is ORDERED to appear in Courtroom 5, United States Courthouse, Harrisburg, Pennsylvania on **December 6, 2011 at 10:00 a.m.** to show cause why he should not be sanctioned for his failure to appear, and to respond to the plaintiff's motion for entry of default judgment against this defendant, the other parties to this litigation are excused from appearing. In the event that Diffin may appear on December 6, the Court will endeavor to schedule a video-conference with this defendant and the plaintiff, who is receiving medical treatment in SCI Pittsburgh, and will schedule additional proceedings on this matter. Otherwise, the Court will take the action it deems appropriate.

So ordered this 2d day of December, 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge