IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM VICTOR,
    Plaintiff

v.

SCI SMITHFIELD, et al.,
    Defendants

CIVIL NO. 3:08-cv-1374

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM and ORDER

On July 21, 2008, Plaintiff, William Victor, initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). He filed an Amended Complaint on September 26, 2008. (Doc. 16). Plaintiff alleged, inter alia, that while he was incarcerated at the State Correctional Institution ("SCI") Huntingdon, Pennsylvania, prison officials abused and harassed him in retaliation for filing grievances and a civil lawsuit, failed to provide medical treatment, and denied him due process at misconduct hearings. (Id.). Plaintiff, alleging that videotape evidence was deliberately destroyed to frustrate his efforts to secure redress, subsequently requested spoliation sanctions.[1] See (Docs. 169, 361, 387, 401, 426). Beginning on November 14, 2011, Magistrate Judge Martin C. Carlson held a spoliation hearing. (Doc. 425). On November 28, 2011, Magistrate Judge Carlson filed a Report and Recommendation ("R&R") recommending that Plaintiff's motion for spoliation sanctions be denied as to the Commonwealth of Pennsylvania and Defendants Cooper, Miller, and Moore. (Doc. 442). No objections have been filed and for the reasons set forth below, the R&R will be adopted.

---

[1] Defendants stipulated that more than twenty (20) hours of video from June 29, 2008, no longer exist. (Doc. 218, Exhibit 1, Defendant Morrison declaration) (stating that the tape was recycled in the normal course of operations).

**Background**[2]

The Amended Complaint alleged, inter alia, that on June 28, 2008, numerous named Defendants conspired to brutally attack Plaintiff in three locations of the Restrictive Housing Unit ("RHU") at SCI- Huntingdon. (Doc. 16, p. 5). Plaintiff claimed that during a cell extraction, prison officials kicked, punched, tortured with electricity, and violently beat him, causing a broken jaw and other injuries. (Id.). The Amended Complaint alleged that a noose was planted in Plaintiff's cell to support Defendants' falsified account of the incident, namely that Plaintiff's injuries were self-inflicted and/or occurred when they entered Plaintiff's cell to save him from a suicide attempt. (Id.). Plaintiff also alleged that Defendants were deliberately indifferent to his medical needs and conspired to cover up the assault. (Id.).

Plaintiff made several requests for sanctions and a hearing on spoliation of evidence regarding missing videos. See (Docs. 169, 361, 387, 401). Specifically, Plaintiff alleged that certain Defendants intentionally blocked the handheld camera that was recording Plaintiff's cell extraction and, further, that portions of the videotape from the handheld camera and from other stationary cameras were knowingly deleted. (Doc. 409). Although Magistrate Judge Carlson initially denied Plaintiff's motions without prejudice, (Docs. 188, 367), on October 7, 2011, the Magistrate Judge scheduled a hearing regarding whether a spoliation sanction inference is warranted, (Doc. 402). In accordance with Magistrate Judge Carlson's Order, (Doc. 402), the parties filed pre-hearing briefs on the spoliation issue, (Docs. 409, 415, 417, 418). From November 14, 2011, to November 16, 2011, Magistrate Judge Carlson held an evidentiary

---

[2]There has been significant litigation in the instant action that will not be detailed herein.

hearing.[3] See (Docs. 425-438).

Prior to receiving testimony on November 14, 2011, the Magistrate Judge was advised that a settlement had been reached as to Defendants Cooper, Miller, and Moore. (Docs. 425, 431, 452). A sixty-day order was issued on December 12, 2011, regarding these Defendants and they were terminated as parties to the action. (Doc. 452).

On November 28, 2011, Magistrate Judge Carlson issued an R&R recommending that Plaintiff's motion for sanctions as to the Commonwealth of Pennsylvania and Defendants Cooper, Miller, and Moore be denied. (Doc. 442). The Report explains that although Plaintiff had settled all claims with Defendants Cooper, Miller, and Moore, he renewed his request for monetary spoliation sanctions against these Defendants and the Department of Corrections ("DOC") during the hearing. (Id. at p. 2). The Magistrate Judge reviews the settlement agreement, which was "made and entered into by" Plaintiff and the Commonwealth of Pennsylvania, "including but not limited to the Department of Corrections ... and those agents, servants, employees, officers, and officials who are represented by the Commonwealth." (Docs. 440, 442). The R&R quotes language from the agreement that Plaintiff and the DOC intended "to settle all claims pending against it and its employees ... arising out of the events in the RHU at SCI-Huntingdon on June 29, 2008 and other times." (Id.). The Report then analyzes the stipulation of release in the settlement agreement. (Id.) ("VICTOR hereby agrees to fully ... release ... the [DOC] along with each of its past, present and future officers [and] employees ... from any and all claims ... or demands for damages of whatever nature or kind...."). The Report

---

[3]Defendant Diffin failed to appear for the spoliation hearing. See (Docs. 435, 444). Plaintiff's motion for sanctions and default judgment against Defendant Diffin is currently pending before the Magistrate Judge. (Docs. 426-427, 447).

discusses the applicable contract principles and finds no ambiguity in the terms of this release. (Doc. 442, pp. 5-8). Magistrate Judge Carlson concludes that "[g]iven the global language of this written release, and the absence of any exclusion from the release for monetary spoliation sanctions, ... the terms of the release preclude any recovery of spoliation sanctions from defendants Moore, Miller and Cooper, or from the Department of Corrections." (Id. at pp. 2-4). Additionally, the R&R states that equitable considerations weigh heavily against Plaintiff's request for sanctions. (Id. at pp. 10-12).

**Discussion**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

After review, this Court finds no error in the R&R. Pursuant to the plain language of the

settlement agreement, Plaintiff agreed to release Defendants Cooper, Miller, Moore, and the DOC from his claim for monetary sanctions. Plaintiff has failed to provide any grounds to invalidate the release. In the absence of objections or clear error, this Court will adopt Magistrate Judge Carlson's recommendation to deny Plaintiff's motion for spoliation sanctions against these Defendants.

                                                                               /s/ William J. Nealon
                                                                     **United States District Judge**

Date: January 3, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM VICTOR,<br> Plaintiff | : | |
| | : | CIVIL NO. 3:08-1374 |
| v. | : | |
| | : | (JUDGE NEALON) |
| SCI SMITHFIELD, et al., | : | (MAGISTRATE JUDGE CARLSON) |
|  Defendants | : | |

## ORDER

NOW, THIS 3RD DAY OF JANUARY, 2012, **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 442) is **ADOPTED**;

2. This case is **REMANDED** to Magistrate Judge Carlson for further proceedings;

3. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

*/s/ William J. Nealon*
**United States District Judge**