**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | |
| | : | **Civil No. 3:08-CV-1374** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **R.M. LAWLER, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

## I.  INTRODUCTION

This case is brought by William Victor, a state inmate, and involves serious allegations arising out of a discrete incident in June of 2008 at SCI Smithfield, an incident in which Victor's jaw was broken during a cell extraction.

We are committed to securing for all parties the prompt, and fair, adjudication of this claim.  Thus, a jury trial on plaintiff William Victor's claims against the remaining defendants in the above-captioned action has been scheduled to commence on May 21, 2012.  (Doc. 476)

To achieve this goal all parties must remain focused on this litigation, a truism whose importance is underscored by the pending motions which we address in this order.  Now pending in this action are several pre-trial motions in which Victor requests that the Court issue a variety of orders that would:  (1) compel prison

officials to provide Victor with requested accommodations and privileges not enjoyed by other prisoners housed with Victor in the Special Management Unit at SCI-Camp Hill; (2) prevent prison officials from destroying or otherwise tampering with Victor's legal materials and property; (3) require the Court to issue subpoenas for at least 25 different individuals that Victor apparently intends to call at trial in this matter; (4) direct Department of Corrections officials to produce additional documents and other information Victor claims to require to present his case; (5) and enjoin prison officials from retaliating against or otherwise harassing Victor, and direct that they ensure his safety.   (Docs. 450, 458, 461, 471, 478)   These motions are variously titled, some seeking emergency relief, injunctive relief, or restraining orders (Docs. 461, 471); another captioned as a motion to compel the production of documents (Doc. 450); another seeking an order of protection (Doc. 458); and another filed simply as a motion *in limine*, in which Victor essentially amplifies his earlier request that defendants and others be required to produce documents and materials that Victor has requested to use at trial. (Doc. 478)   Despite minor differences in the motions, we will address them collectively given the similar and closely related nature of the requests made in each motion.   We also will rule on these matters mindful of the fact that many of the issues and concerns voiced by Victor, in our view, are more properly addressed in the other, subsequent lawsuits filed by this prisoner.

## II.    DISCUSSION

### A.    Claims for Preliminary Injunctive Relief

First, with respect to Victor's requests that the Court issue preliminary injunctive relief by ordering that prison officials discontinue threatening, harassing, or otherwise retaliating against Victor for pursuing his legal claims against certain corrections officials in Civil Actions 08-1374 and 11-891, we find that the motion should be denied at this time.   Victor has recently commenced a new civil action, Civil Action No. 12-282, in which he identifies a series of actions that he alleges have taken place at SCI-Camp Hill that he regards as retaliatory against him based upon his pending lawsuit filed against a former Camp Hill correctional officer.   Many of these allegations relate to disciplinary proceedings brought against Victor at Camp Hill after it was alleged that a home-made knife was found concealed in Victor's legal papers.   This civil action is proceeding separately from the above-captioned action, and to the extent Victor believes that he has legitimate claims for preliminary injunctive relief with respect to his claims in that action, he is of course free to file such motions and supporting materials as he deems appropriate.

The Court recognizes that Victor is endeavoring to obtain injunctive relief in the above-captioned action, and in Civil Action No. 11-891, because he is alleging that at least some of the retaliatory conduct he is allegedly suffering relates directly

to these pending actions, and particularly to Civil Action 08-1374, which is scheduled for trial in May.  Notwithstanding Victor's motivation in seeking injunctive relief in the above-captioned cases, we find that such relief is inappropriate for several reasons.

### 1.    <u>Preliminary Injunction Rule 65– The Legal Standard</u>

Inmate *pro se* pleadings, like those filed here, which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained:  "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." <u>Gerardi v. Pelullo</u>, 16 F.3d 1363, 1373 (3d Cir. 1994) (<u>quoting SI Handling Systems, Inc. v. Heisley</u>, 753 F.2d 1244, 1254 (3d Cir. 1985)). <u>See also</u> <u>Highmark, Inc. v. UPMC Health Plan, Inc.</u>, 276 F.3d 160, 170-71 (3d Cir. 2001); <u>Emile v. SCI-Pittsburgh</u>, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006)(denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right.  Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials).   It is an extraordinary remedy.  Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party.  As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.' " Emile, 2006 WL 2773261, at * 6 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F .2d 86, 91 (3d Cir.1992)).  Thus, when considering such requests, courts are cautioned that:

> "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). Furthermore, the Court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53, 520 F.2d 1220, 1230 (6th Cir.1975), cert. denied, 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir.1937).

Emile, 2006 WL 2773261, at *6.

Accordingly, for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Fed.R.Civ.P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted.  Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443.  If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989)(emphasis in original), (quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)).

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute.  Specifically, 18 U.S.C. §3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

> 18 U.S.C.A. § 3626(a)(1)(A).

With respect to preliminary injunctions sought by inmates, courts are also instructed that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Furthermore, several other basic legal tenets guide our discretion in this particular case, where an inmate: (1) seeks to enjoin a wide array of non-parties; (2) requests injunctive relief of a presumably permanent nature without first fully exhausting administrative remedies; and (3) requests relief which goes beyond merely preserving the *status quo* in this litigation, but seeks to impose new, mandatory conditions on prison officials. Each of these aspects of Victor's prayer for injunctive relief presents separate problems and concerns.

For example, an injunction against non-parties, like the injunction sought here, requires a specific legal showing. To the extent that Victor seeks to enjoin non-parties in this litigation it is clear that: "[a] non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation'

with the party against whom injunctive relief is sought.  Fed.R.Civ.P. 65(d)." <u>Elliott v. Kiesewetter</u>,  98 F.3d 47, 56 (3d Cir. 1996).

Further, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but...at providing mandatory relief, the burden on the moving party is particularly heavy." <u>Punnett v. Carter</u>, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be used sparingly. <u>United States v. Price</u>, 688 F.2d 204, 212 (3d Cir. 1982).  Thus,  a request for some form of mandatory proactive injunctive relief in the prison context "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." <u>Goff v. Harper</u>, 60 F.3d 518 (3d Cir. 1995).

Moreover, applying these legal standards in a case such as this, where the inmate-"plaintiff's request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in [another] . . . Complaint, . . . [the] plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court, upon consideration of defendants' motion to dismiss, or at trial.  As a result, plaintiff's motion for preliminary injunction should be denied." <u>Messner</u>, 2009 WL 1406986, at *5.  In this case, as we view it, the claims advanced by Victor in these motions for preliminary injunction are virtually identical to the

claims made by Victor in his other subsequent lawsuits.  Since the ultimate issues in those other lawsuits may be factually bound up with the assertions in these motions for injunctive relief, a ruling on this motion might be perceived as speaking in some way  to the ultimate issue in Victor's other cases.  In such instances we are cautioned to refrain from prematurely granting such relief.

With these considerations in mind, we find that Victor has not demonstrated that preliminary injunctive relief is warranted in this case, particularly in light of the Commonwealth's response that the Court directed.   In that response, it was represented that:

- • Victor's access to legal material, copies of legal documents, access to the law library, and ability to retain property is subject to the same rules and procedures that apply to all inmates within the Special Management Unit at SCI-Camp Hill.

- • Although SMU inmates are only permitted to retain one box of property in their cells, Victor had previously been granted an exception and was permitted to retain three boxes of his legal property in recognition of the volume of work he has.  Nevertheless, this exception was later revoked when it was discovered that Victor had contraband hidden between two

of his legal envelopes in a box of his property.  Following this discovery, Victor was permitted only one box of property in his cell, in accordance with the requirements applicable to other SMU inmates.

- Victor's allegations that his property has been destroyed are untrue, although a confiscated items receipt was issued to Victor for two altered books found in his possession, Letters to Penthouse and Women's Erotic Fantasies.  The Department of Corrections indicates these books are being held pending resolution of a grievance that has been filed relating to this property seizure.

- Four additional books in Victor's possession have been confiscated as excess, including a copy of the Quran, a dictionary, a book on prison survival, and a 2008 criminal procedure manual.  These materials have not been destroyed, but have been placed in Victor's stored property.

- The Department of Corrections has represented that no corrections staff are tampering with Victor's materials, depriving him of his legal documents, or materials that are necessary to litigate pending matters, intimidating Victor because of his legal matters, or interfering with his ability to communicate with the Court about his pending legal matters.

(Doc. 483 and Ex. A, Declaration of Chris Chambers)  On February 27, 2012, Victor filed a letter in which he generally disputes the foregoing, claims that this response is "a complete lie," and he continues to insist that his legal documents have been or are being destroyed.  (Doc. 484)  In addition, Victor uses his letter as an opportunity once again to complain about his ability to communicate with various inmates housed in prisons throughout the Commonwealth regarding his pending civil actions, about his concerns that defendant William Diffin be required to participate in person at trial in May, and to follow up on his earlier requests that the Court issue dozens of subpoenas to compel witness attendance at trial in this action.

In consideration of the sworn representations that Victor's property is not being destroyed, but is merely being limited to a single box of property within Victor's cell, which accords with the same restrictions faced by all inmates housed on the SMU, we find that the injunctive relief sought is neither necessary nor warranted in this case at this time.  In our view Victor has months in which to prepare for this lawsuit.  During that time, he can secure materials as he needs them from prison staff, consistent with the property limitations in his cell that are imposed upon all SMU inmates.  To the extent that there are special trial preparation issues the Court can address them at the pre-trial conference in this case, but extraordinary injunctive relief is not necessary here.

We reach the same conclusion with respect to Victor's claim that SMU staff are harassing or retaliating against him. Moreover, we find that Victor has not demonstrated that preliminary injunctive relief is either necessary or warranted, since legal claims predicated on the same allegations are now pending in a separate civil action. To the extent that Victor believes he has a legitimate basis for pursuing injunctive relief in that case, he may seek such relief through properly supported motions filed in Civil Action No. 12-282.

While Victor has repeatedly claimed that corrections staff are tampering with and even destroying his legal documents, in the absence of some showing that specific evidence has been destroyed, we credit the sworn representations of Chris Chambers, the Unit Manager of the SMU at SCI-Camp Hill that Victor's property has not been, and is not being, destroyed.[1] We are also confident that Department of Corrections officials, and staff at SCI-Camp Hill recognize and appreciate the importance of preserving Victor's legal property, and ensuring his access thereto, in accordance with

---

[1] We note that Victor's claims for injunctive relief go beyond requests that his legal documents and property be protected, preserved, or returned to him, or that he be granted more fulsome access to inmate witnesses and legal resources despite his restricted housing status. Since these other requests have no immediate bearing on the above-captioned actions, we find that any complaints regarding Victor's current custody status, restrictions related thereto, or other claims regarding the conditions of his confinement should be addressed, if anywhere, in his new civil action, No. 12-282, which has been filed specifically addressing these and other matters.

12

the institutional restrictions that may be imposed upon Victor as an inmate.[2]  In light

of Chris Chambers's sworn representations refuting Victor's allegations, and the fact

that Victor remains free to pursue his allegations against SCI-Camp Hill staff in his

recently filed federal action, we conclude that preliminary injunctive relief in this

action is not warranted.  Once again, to the extent that there are special trial

preparation issues that arisen relating to particular items of evidence, the Court can

address them at the pre-trial conference in this case, but extraordinary injunctive relief

is not necessary here.

**B.**     **Victor's Motion to Compel William Diffin to Comply With Service Obligations**

In one of the pending motions (Doc. 461), Victor complains that defendant

William Diffin has failed to serve him with documents and correspondence that Diffin

---

[2]  In this regard we note that although Victor has demanded that he be given a number of accommodations in consideration of his upcoming trial in Civil Action No. 08-1374, the Court finds it unnecessary and, in fact, inappropriate to dictate to prison officials what volume of legal materials Victor should be permitted to maintain within his prison cell, or what access he should be given to use the law library or otherwise access legal resources, particularly in light of sworn representations that Victor had previously been granted special disposition to have excess materials in his cell, and that such permission was rescinded after prison officials found a weapon secreted in these very materials.  Although Victor undoubtedly faces considerable challenges and obstacles in litigating his various cases while being housed in the SMU, we do not find that these hardships are any greater than those that might be faced by another indigent plaintiff-inmate in similar circumstances.

has provided to the Court, and alleges that Diffin has failed to do so as an improper litigation tactic.  As relief, Victor requests that Diffin be required to serve all future filings upon Victor at the time the filings are submitted to the Court.  In addition, Victor requests that the Court provide Victor with copies of documents that Diffin has submitted to date.

With respect to his first request, the Court agrees that defendant Diffin must ensure that any future documents filed with the Court in this action are also copied on Victor at the time of filing.  Defendant Diffin is, therefore, ORDERED to comply with his obligation to serve Victor with copies of all future filings that may be made with the Court.

With respect to the second request, the Court has repeatedly honored Victor's requests that copies of various filings be furnished to him, and Clerk of Court staff have faithfully followed through on these requests.  (See, e.g., Doc. No. 473)  The Court will continue to honor these requests to the extent they are found to be reasonable.  At this time, it does not appear that there are any further documents that remain to be served upon Victor, and thus there does not appear to be any further relief that should be awarded with respect to this particular motion.

**C.**     **Victor's Motions to Compel or for Other Pre-Trial Relief**

Finally, in some of his motions, Victor requests that the Court compel defendants – or perhaps third parties – to produce documents that he claims to need in connection with his upcoming trial in this action.   These requested materials include: (1) all documents that defendant Lehman testified existed regarding his successful appeal of a three-day suspension that he received for his role in the cell extraction involving Victor on June 28, 2008, which Victor claims Lehman's lawyer promised to furnish him but has so far failed to produce; (2) documents declaring the reasons why defendant Diffin is no longer employed by the Department of Corrections; (3) color photographs of the noose that Victor alleges was planted his cell during the extraction on June 28, 2008; (4) Department of Corrections guidelines regarding cell extraction procedures as of June 28, 2008; (5) Department of Corrections procedures that were in place at the time of the cell extraction governing the handling of evidence relating to use of force incidents; (6) "still photos shown allegedly to defendant Eberling and alleged misconduct he claims he wrote and was shown by OPR investigators Hiler and Heinle.   In <u>color</u>." (Doc. 479) (original emphasis); (7) seven videotapes allegedly showing footage of some unspecified areas at SCI-Huntingdon from June 28, 2008, to June 29, 2008; (8) security office and drop box log book entries from SCI-Huntingdon from June 28, 2008, to June 29, 2008; and

15

(9) videotapes and other evidence relating to the investigation that the Department of Corrections Office of Professional Responsibility undertook in response to the June 28, 2008 cell extraction.  (Docs. 451, 479)

Victor makes the foregoing vast requests for the Court to compel parties, former parties, and even non-parties to produce written documents, photographic materials, videotapes, investigative materials, and other prison documentation without having demonstrated that he sought these items through the proper course of discovery in this case, and without sufficiently indicating that the Department of Corrections or other individuals refused to produce relevant, responsive information after being properly and timely requested to do so during this litigation.  This action has been pending in this Court for more than three and one-half years, and fact discovery closed on March 31, 2010, in accordance with the case management order governing pre-trial proceedings in this case.  (Doc. 171)

Thus, Victor's motions, and the defendants' responses in opposition to these motions, call upon the Court to exercise its authority to regulate discovery in this case. Issues relating to the scope and timing of discovery permitted under the Rules rest in the sound discretion of the Court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  A court's decisions regarding the conduct of discovery will be

disturbed only upon a showing of an abuse of discretion.  <u>Marroquin-Manriquez v.</u>

<u>I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983).

This discretion is guided, however, by certain basic principles.  One essential

attribute of the court's discretion in this field is that the court may, and indeed must,

set schedules for the completion of discovery.  When a party fails to abide by those

schedules the court has the right, and the duty, to impose sanctions for that failure.

Those sanctions may, in the discretion of the court, include declining a party's request

to compel compliance with untimely and improper discovery demands.  Thus, where

a party has submitted an untimely discovery request, the court can, and in the exercise

of its discretion often should, refuse to compel compliance with that request.  <u>See, e.g.</u>,

<u>Maslanka v. Johnson & Johnson</u>, 305 F. App'x 848 (3d Cir. 2008)(affirming denial

of *pro se* litigant motion to compel where discovery demands were untimely); <u>Oriakhi</u>

<u>v. United States</u>, 165 F. App'x 991 (3d Cir. 2006)(same); <u>Bull v. United States</u>, 143

F. App'x 468 (3d Cir. 2005)(same).  As the court of appeals has noted in rebuffing a

similar effort by a tardy prisoner-litigant to compel responses to belated discovery:

> [W]e discern no abuse of discretion with respect to [the inmate-
> plaintiff's] discovery and trial preparation issues. <u>See</u> <u>Petrucelli v.</u>
> <u>Bohringer and Ratzinger</u>, 46 F.3d 1298, 1310 (3d Cir.1995) (applying
> "abuse of discretion standard when reviewing orders regarding the scope
> and conduct of discovery"). [The inmate-plaintiff] filed a motion to
> compel discovery after . . . after the expiration of the court-ordered
> discovery period. The record confirms the District Court's conclusion that

[the inmate-plaintiff] failed to seek leave of court to extend the discovery period. . . .".

Oriakhi, 165 F.App' x. at 994.

Here, Victor's request ignores the fact that fact discovery has now been closed for nearly 2 years, and appears to base this latest discovery request on information that was discovered over the course of a nearly one-week evidentiary inquiry into Victor's claims that the defendants and other parties no longer in the case should be sanctioned for destroying or altering evidence. Trial is now scheduled to commence in less than three months.

Given the context in which these motions have been filed, long past the discovery cutoff, and without any indication that Victor tried during that period to obtain any of these materials, and without any proffer of what Victor expects to learn from these materials, or to what use they may be put at trial, the Court finds no basis to grant the motion. On its face, Victor's request is extraordinarily broad, and invites the Court to re-open discovery in litigation that has been pending for years, on the eve of trial, and on the basis of unsupported and unadorned demands for new discovery materials. Finding the request to be untimely made, overly broad, and made without

a showing of relevance or need, it will be denied.[3]

In addition, Victor has requested that the Court subpoena more than two dozen individuals (some of whom are unidentified) whom he claims he intends to call as witnesses at trial in Civil Action 08-1374.  Upon consideration, the Court will deny this request, without prejudice to Victor renewing his motion after providing the Court a proffer in support of his request for the subpoenas.  To this end, Victor will be directed to provide the Court not later than Friday, **March 16, 2012**, a proffer in which he identifies each witness he proposes to subpoena, explains what information each witness is expected to offer, and summarizes the relevance of such testimony to his claims in this litigation.  After review of such a proffer, and a renewed motion for the issuance of subpoenas, the Court will better be able to assess whether the subpoenas Victor has requested should issue.[4]

Finally, Victor has requested that the Court direct Department of Corrections

---

[3] The remaining defendants did not respond to Victor's motions, and thus did not indicate whether they have since produced information that they or their counsel told Victor would be produced.  To the extent that the defendants are in possession of information that they or their counsel promised to provide to Victor, they are requested to provide these materials to Victor at their earliest opportunity.

[4] To the extent that Victor complies with this order, and renews his request for subpoenas for his requested witnesses, Victor should be prepared to ensure that any such subpoenas that are authorized to be issued are properly served on each witness.

officials to house Victor and a number of inmate witnesses at SCI-Dallas "at least a week in advance of the trial so [he] may confer with them and prepare their testimonial presence[.]" (Doc. 451, at 2)  Related to this last request, Victor seeks a Court order requiring prison officials to permit him to review prison videotapes with his inmate witnesses and go over trial strategy, apparently without limitation.   Victor also requests that the Court direct that Victor and each of his proposed inmate witnesses be transported to and from SCI-Dallas by the United States Marshal, rather than by Department of Corrections staff.   In addition, Victor asks that the Court require the Department of Corrections to provide "showers and grooming" upon Victor's return to prison during the trial.  Regarding his requested transfer to SCI-Dallas, Victor asks that the Court direct such transfer occur "immediately following pre-trial conference so [he] can settle in, organize and prepare [his] case and any such further relief as well as proper instruction on use of video equipment prior to trial . . . ." (Doc. 479, at 2)

Upon consideration, this expansive and extraordinary request will be denied. Victor's request asks that we superintend the prerogatives of Department of Corrections officials with respect to where he and other inmates should be housed before, during, and after trial in this action.   In considering this request, we must remain mindful of the challenges that prison officials face given the "complex and intractable problems of prison administration," Goff v. Harper, 60 F.3d 518 (3d Cir.

1995), particularly in the housing of inmates, and the myriad considerations that factor into their care and custody. We appreciate Victor's interest in being able to have regular, in-person meetings with the inmates he hopes to call as witnesses in this case, but his interest in this regard is insufficient to cause this Court to dictate to Department of Corrections officials how to house Victor and his witnesses.

For the same reasons, we find no substantial basis to impose requirements on Department of Corrections officials with respect to Victor's use of video equipment prior to trial, or his desire to view this evidence with his witnesses. We have previously issued an order permitting Victor to correspond at least once per month with a set list of inmates whom Victor had identified as witnesses in this case. (Doc. 202) We have also directed the Department of Corrections to provide Victor with reasonable access to these videotapes as part of his litigation preparation. These orders remain in place, and we expect that they will continue to be respected by Corrections officials.[5] We recognize that Victor faces particular challenges as a *pro se* inmate attempting to try his own case in federal court, particularly given his current

---

[5] To ensure that Corrections officials remain mindful of the Court's prior order directing that Victor be granted some limited access to correspond with certain identified inmate witnesses, and because Victor is now being held at a different institution than the one in which he was housed when the Court's order issued, we will direct the Clerk of Court to serve a copy of this order on counsel for the Department of Corrections.

status in a restricted housing unit.  Nevertheless, the Court finds no basis to go beyond what was provided in its earlier order, and to require Department of Corrections officials to comply with Victor's latest demands regarding his own housing arrangements, and those of the inmates he intends to call at trial.  Accordingly, this request will be denied.  Instead, to the extent that there are special trial preparation issues the court can address them at the pre-trial conference in this case, but extraordinary relief is not necessary here.

## III.   **ORDER**

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT Victor's motions for emergency, preliminary injunctive relief, and to compel the production of documents, or for other pre-trial relief (Docs. 450, 458, 461, 471, 478 and 485[6]) are DENIED.  IT IS FURTHER ORDERED THAT defendant Diffin SHALL ensure that all future documents filed with or submitted to the Court are copied on the plaintiff at the time the documents are filed or submitted.  On or before **Friday, March 16, 2012**, plaintiff shall submit a proffer in which he identifies each witness he proposes to subpoena at trial, explains what information each witness is expected to offer, and summarizes the relevance of such testimony to his claims in this litigation.

---

[6]On February 29, 2012, Victor filed another motion for injunctive relief. (Doc. 485)  Our review of this pleading indicates that it, too, should be denied for the reasons set forth in the accompanying memorandum.

Following consideration of this proffer, the Court will determine whether to issue the requested subpoenas.

*/s/ **Martin C. Carlson**
Martin C. Carlson
United States Magistrate Judge

Dated: February 29, 2012