**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | |
| | : | **Civil No. 3:08-CV-1374** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **R.M. LAWLER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

This case is brought by Williams Victor, a state inmate, and involves allegations arising out of an incident in June of 2008 at SCI Smithfield, an incident in which Victor's jaw was broken during a cell extraction. We are committed to securing for all parties the prompt, and fair, adjudication of this claim. Thus, a jury trial on Plaintiff William Victor's claims against the remaining Defendants in the above-captioned action is scheduled to commence on May 21, 2012. (Doc. 476) To achieve this goal all parties must remain focused on this litigation, and must avoid conflating issues in this case with issues or questions arising in other litigation commenced by Victor. However, it is also necessary that we take appropriate steps to ensure that Victor is fully prepared for the trial of this case.

Towards that goal, we now are addressing a series of motions filed by Victor, namely: (1) Victor's motion for emergency pretrial relief, which seeks copies of certain photographs, as well as access to videotapes of the prison cell extraction which is at issue in this lawsuit (Doc. 500); (2) Victor's motion for clarification, which requests copies of certain exhibits as well as access to Victor's legal files, which were allegedly confiscated after an incident in which prison officials claimed to have found a home-made knife concealed in those files (Doc. 492); (3) Victor's motion for preliminary injunction, which requested wide-ranging equitable relief, and more narrowly tailored remedies in the form of access to certain exhibits and evidence introduced by Victor at a prior hearing conducted by this Court (Doc. 499); and (4) Victor's motion to add and withdraw trial witnesses, which substitutes one inmate witness for another in the list of proposed witnesses proffered by Victor (Doc. 494).

While these motions are variously titled, and some purport to seek emergency relief, injunctive relief, or restraining orders, the essence of many of the motions relates to ensuring that Victor is able to complete his trial preparations in this case which is set for trial in May. To the extent that the motions focus on trial preparation matters, we will address them collectively given the similar and closely related nature of the requests made in each motion. We also will rule on these matters mindful of

the fact that some of the issues and concerns voiced by Victor, in our view, are more properly addressed in the other, subsequent lawsuits filed by this prisoner.

## II.    DISCUSSION

First, to the extent that Victor requests in these motions that the Court issue broad preliminary injunctive relief by ordering that prison officials discontinue threatening, harassing, or otherwise retaliating against Victor for pursuing his legal claims against certain corrections officials in Civil Actions 08-1374, we find that the motion should be denied at this time since Victor has filed a new civil action, Civil Action No. 12-282, in which he identifies a series of actions that he alleges have taken place at SCI-Camp Hill that he regards as retaliatory against him based upon his pending lawsuit filed against a former Camp Hill correctional officer.  Many of these allegations relate to disciplinary proceedings brought against Victor at Camp Hill after it was alleged that a home-made knife was found concealed in Victor's legal papers.  This civil action is proceeding separately from the above-captioned action, and to the extent Victor believes that he has legitimate claims for preliminary injunctive relief with respect to his claims in that action, he is of course free to file such motions and supporting materials as he deems appropriate.

The Court recognizes that Victor is endeavoring to obtain injunctive relief in the above-captioned action, because he is alleging that at least some of the retaliatory

conduct he is allegedly suffering relates directly to these pending actions, and particularly to Civil Action 08-1374, which is scheduled for trial in May. Notwithstanding Victor's motivation in seeking injunctive relief in the above-captioned cases, we find that such broadly framed relief is inappropriate for several reasons. Inmate *pro se* pleadings, like those filed here, which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained: "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006)(denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right. <u>Kerschner v. Mazurkewicz</u>, 670 F.2d 440, 443 (3d Cir. 1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.' " <u>Emile</u>, 2006 WL 2773261, at * 6 (<u>quoting Campbell Soup Co. v. ConAgra, Inc</u>., 977 F .2d 86, 91 (3d Cir.1992)). Thus, when considering such requests, courts are cautioned that:

> "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (emphasis deleted). Furthermore, the Court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." <u>Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53</u>, 520 F.2d 1220, 1230 (6th Cir.1975), <u>cert. denied</u>, 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." <u>Madison Square Garden Corp. v. Braddock</u>, 90 F.2d 924, 927 (3d Cir.1937).

<u>Emile</u>, 2006 WL 2773261, at *6.

Accordingly, for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Fed.R.Civ.P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate both a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989)(emphasis in original), (quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)).

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute. Specifically, 18 U.S.C. §3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A).

With respect to preliminary injunctions sought by inmates, courts are also instructed that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Furthermore, several other basic legal tenets guide our discretion in this particular case, where an inmate: (1) seeks to enjoin a wide array of non-parties; (2) requests injunctive relief of a presumably permanent nature without first fully exhausting administrative remedies; and (3) requests relief which goes beyond merely preserving the *status quo* in this litigation, but seeks to impose new, mandatory conditions on prison officials. Each of these aspects of Victor's prayer for injunctive relief presents separate problems and concerns.

For example, an injunction against non-parties, like the injunction sought here, requires a specific legal showing. To the extent that Victor seeks to enjoin non-parties in this litigation it is clear that: "[a] non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation'

with the party against whom injunctive relief is sought. Fed.R.Civ.P. 65(d)." Elliott v. Kiesewetter, 98 F.3d 47, 56 (3d Cir. 1996).

Further, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but...at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be used sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982). Thus, a request for some form of mandatory proactive injunctive relief in the prison context "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518 (3d Cir. 1995).

Moreover, applying these legal standards in a case such as this, where the inmate-"plaintiff's request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in [another] . . . Complaint, . . . [the] plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court, upon consideration of defendants' motion to dismiss, or at trial. As a result, Plaintiff's motion for preliminary injunction should be denied." Messner, 2009 WL 1406986, at *5. In this case, as we view it, a number of the claims advanced by Victor in this motion for preliminary injunction are virtually identical to

the claims made by Victor in his other subsequent lawsuits. Since the ultimate issues in those other lawsuits may be factually bound up with the assertions in these motions for injunctive relief, a ruling on this motion might be perceived as speaking in some way to the ultimate issue in Victor's other cases. In such instances we are cautioned to refrain from prematurely granting such relief.

With these considerations in mind, we find that Victor has not demonstrated that wide-ranging preliminary injunctive relief is warranted in this case. We agree, however, that there are a series of more narrowly tailored appropriate steps which this Court can take to ensure that Victor is fully prepared for this trial. In that regard, we will GRANT these motions, in part, as follows:

First, consistent with the Commonwealth's prior declaration that Victor now has access to his legal files in Civil No. 3:08-CV-1374, IT IS ORDERED that the Commonwealth shall continue to provide Victor reasonable access to these materials, consistent with the institution's security needs, in order to allow Victor to prepare for trial. As the Commonwealth has represented to the Court these reasonable accommodations include the following:

> 1. Victor's access to legal material, copies of legal documents, access to the law library, and ability to retain property is subject to the

>
> same rules and procedures that apply to all inmates within the Special Management Unit at SCI-Camp Hill.
>
> 2. Although Victor had previously been granted an exception and was permitted to retain three boxes of his legal property in recognition of the volume of work he possesses, this exception was later revoked when prison officials discovered that Victor had contraband hidden between two of his legal envelopes in a box of his property. Following this discovery, Victor was permitted only one box of property in his cell, in accordance with the requirements applicable to other SMU inmates. Other boxes of legal records are stored by prison officials, but will be provided to Victor, as needed, upon request.

(Doc. 483 and Ex. A, Declaration of Chris Chambers)

Second, IT IS FURTHER ORDERED that to the extent that Victor seeks additional copies of exhibits previously tendered to the Court, or other documents previously filed with the court, (Docs. 492, 499) at the pretrial conference scheduled for **April 24, 2012**, Victor shall specifically identify all such materials which he needs and the Court will arrange for copies to be provided to him, provided that the Court

finds that the requests are relevant to the narrow issues remaining in this case and reasonable in scope.

Third, to the extent that Victor seeks photographs of a noose that was allegedly retrieved from his cell, or a reasonable opportunity to review cell extraction videos, (Doc. 500), we note that the Department of Corrections' has represented:

> The Department of Corrections concurs with the Plaintiff's Motion for Relief (Doc. 500), to the extent that he will supply the Plaintiff with color photos of the noose seized from his cell on June 28, 2008, if they exist. The undersigned counsel only has a black and white copy of the Polaroid taken of the noose on that date. The Plaintiff was last permitted to review the requested videotapes from June 28-29, 2008 sometime after December 2, 2011. The Department will permit him to review the videotapes again, if so ordered by the Court. However, the Department objects to permitting the Plaintiff to keep the videotapes in his possession.

(Doc. 502) In light of this representation, the motion is GRANTED, subject to the conditions voiced by the Department of Corrections.

Fourth, as for Victor's concerns that Defendant William Diffin be required to participate in person at trial in May, (Doc. 492), IT IS ORDERED that Defendant Diffin is directed, once again, that he must participate in the pretrial conference scheduled for **April 24, 2012 at 1:00 p.m.**, and is ordered to appear for trial on **May 21, 2012, at 9:30 a.m., in Scranton, Pennsylvania**. If Defendant Diffin wishes to participate in the pre-trial conference by teleconference, (Doc. 464), he shall make a

request of the Court no later than **Friday, April 20, 2012**.  Defendant Diffin must make arrangements to appear in person for trial.

Fifth, Victor's motion to add and withdraw witnesses is GRANTED, to the extent that it seeks to substitute a proposed witness in this trial.  The Court will entertain further argument on Victor's proposed witness subpoena requests, and rule upon these requests, at the **April 24, 2012**, pretrial conference.

### III. CONCLUSION

AND NOW, for the forgoing reasons:  (1) Victor's motion for emergency pretrial relief, which seeks copies of certain photographs, as well as access to videotapes of the prison cell extraction which is at issue in this lawsuit (Doc. 500); (2) Victor's motion for clarification, which requests copies of certain exhibits as well as access to Victor's legal files, which were allegedly confiscated after an incident in which prison officials claimed to have found a home-made knife concealed in those files, (Doc. 492); (3) Victor's motion for preliminary injunction, which requested wide-ranging equitable relief, and more narrowly tailored remedies in the form of access to certain exhibits and evidence introduced by Victor at a prior hearing conducted by this Court; (Doc. 499) and (4) Victor's motion to add and withdraw trial witnesses, which substitutes one inmate witness for another in the list of proposed

witnesses proffered by Victor. (Doc. 494), are GRANTED, IN PART, and DENIED, IN PART.

So ordered this 18th day of April 2012.

*/s/ Martin C. Carlson*
United States Magistrate Judge
