IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM VICTOR, | : | |
| | : | Civil No. 3:08-CV-1374 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| R.M. LAWLER, et al., | : | |
| | : | |
| Defendants | : | |
| | | |
| WILLIAM VICTOR, | : | |
| | : | Civil No. 3:11-CV-891 |
| Plaintiff | : | |
| | : | (Judge Nealon) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| DAVID VARANO, et al., | : | |
| | : | |
| Defendants | : | |
| | | |
| WILLIAM VICTOR, | : | |
| | : | Civil No. 3:11-CV-2000 |
| Plaintiff | : | |
| | : | (Judge Nealon) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| DAVID VARANO, et al., | : | |
| | : | |
| Defendants | : | |

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | |
| | : | **Civil No. 3:12-CV-282** |
| Plaintiff | : | |
| | : | **(Judge Nealon)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **C.O.HUBER, et al.,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

The plaintiff, William Victor, is a state inmate who currently has four civil actions pending with this court. These civil actions relate to incidents and episodes occurring at different times at various state correctional institutions throughout Pennsylvania. Recently, the plaintiff filed a motion, styled "Motion for Emergency Relief, Monetary Sanctions, Hearing and to Compel," in each of these four civil actions. Liberally construed, the motion makes two claims, one new and one old.

First, the motion contains a claim relating to the oldest of Victor's cases, and alleges that the Department of Corrections has violated the terms of a settlement agreement with Victor in Victor v. Lawler, No. 3:08-CV-1374. Victor has already previously filed a motion in this lawsuit seeking this precise relief. (Doc. 548.) The Department of Corrections was ordered to respond to this motion, (Doc. 572), but has not yet filed a response.

2

Second, the motion presents new allegations by the plaintiff, specifically asserting that some of Victor's property was damaged during a recent transfer of Victor to SCI Forest. With respect to these new allegations, Victor's motion indicates that he has begun, but not completed, administrative grievances which could provide him with a post-deprivation remedy for this lost and damaged property. To the extent that Victor attempts to bring these new claims regarding damaged property in his current lawsuits, the claims run afoul of two separate legal obstacles. First, these motions involve new matters which bear no temporal, topical, legal or logical relationship to the allegations set forth in these prior complaints. Victor's efforts to join these wholly unrelated matters in this lawsuit violate the rules governing joinder of claims in civil litigation. Those rules provide, in part, that:

> Person[s] . . . may be joined in one action as defendants if:
>
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of *the same transaction, occurrence, or series of transactions or occurrences*; and
>
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(emphasis added). In this case, it cannot be said that these new allegations arise out of the same transaction, occurrence or series of transactions set forth in his prior complaints. Quite the contrary, Victor's motions recite disparate acts, allegedly committed by different actors at divergent times and places. "[G]iven

the hodgepodge of claims raised in the [motion]," <u>Boretsky v. Governor of New Jersey</u>, 433 F. App'x 73, 77(3d Cir. May 25, 2011), this court may properly, in the exercise of its discretion, decline to join these new allegations in Victor's prior lawsuits. <u>Id</u>.

Moreover, the gist of Victor's complaint as recited in these various motions seems to be that prison officials recently have lost, or damaged, property in the course of a recent prison transfer. Inmate claims arising out of the loss or damage of personal property are judged against settled legal standards, standards which recognize that:

> Like other constitutional rights, the Due Process rights of prisoners may be accommodated to a prison's legitimate security needs. <u>See</u> <u>Bell v. Wolfish</u>, 441 U.S. 520, 558-60, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). [Therefore] "[A]n unauthorized intentional deprivation of property" by prison officials does not violate the Due Process Clause "if a meaningful postdeprivation remedy for the loss is available." <u>Hudson v. Palmer</u>, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)(citing <u>Parratt v. Taylor</u>, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)). Pre-deprivation notice is not constitutionally required. <u>See id.</u>

<u>Monroe v. Beard</u>, 536 F.3d 198, 210 (3d Cir. 2008).

Thus, a crucial component to any inmate due process claim in this setting is an allegation that property was taken and the prisoner was afforded no post-deprivation administrative remedy. Therefore, where an inmate is afforded a meaningful post-

4

deprivation due process remedy, an inmate's constitutional complaints regarding loss or taking of property typically fail. See, e.g., Watson v. Secretary, Dep't of Corrections, 436 F. App'x 131, 135 (3d Cir. 2011); Bowens v. United States Dep't of Justice, 415 F. App'x 340, 344 (3d Cir. 2011). Here, it is apparent from Victor's motions that he has a due process remedy which he is actively pursuing by filing a grievance relating to the loss or damage of this property. Given the availability of this remedy, we should not act upon this request until the plaintiff has completed this post-deprivation review process. Id.

Accordingly, presented with these motions, IT IS ORDERED as follows:

1. Victor's "Motion for Emergency Relief, Monetary Sanctions, Hearing and to Compel," in Victor v. Lawler, No. 3:08-CV-1374, is DENIED without prejudice since Victor has already previously filed a motion in this lawsuit seeking this precise relief. (Doc. 548.) However, IT IS FURTHER ORDERED that the Department of Corrections shall file a response to the motion docketed at No. 548, which alleges a breach of the settlement agreement, in accordance with Local Rule 7.6 on or before **July 15, 2012**. Pursuant to Local Rule 7.7 the plaintiff may then file a reply brief fourteen days after the filing of the defendants' brief, on or before

**July 29, 2012**. All briefs must conform to the requirements prescribed by Local Rule 7.8.

2. Victor's "Motion for Emergency Relief, Monetary Sanctions, Hearing and to Compel" in <u>Victor v. Varano</u>, No. 3:11-CV-891, <u>Victor v. Varano</u>, No. 3:11-CV-2000, and <u>Victor v. Huber</u>, No. 3:12-CV-282, ARE DENIED without prejudice to Victor filing a new complaint relating to the alleged loss of property, once Victor has completed the pursuit of his post-deprivation remedies as he is required to do by law.

So ordered this 2nd day of July 2012.

                                          */s/ Martin C. Carlson*
                                          Martin C. Carlson
                                          United States Magistrate Judge