# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM VICTOR, | : | |
| | : | Civil No. 3:08-CV-1374 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| R.M. LAWLER, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM OPINION AND ORDER

### I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The above-captioned action was commenced four years ago, on July 21, 2008, by William Victor, an inmate who was formerly confined in the State Correctional Institution at Huntingdon ("SCI-Huntingdon"). In his complaint, Victor, who proceeded *pro se*, initially named 29 Defendants, including the prison superintendent and other employees of the Pennsylvania Department of Corrections at SCI-Huntingdon.

While some of Victor's complaints in this litigation were far-reaching, at the heart of this complaint rested a singular, significant incident: Victor alleged that on June 28, 2008, he was assaulted by Corrections Officers while being moved between cells in the Restricted Housing Unit ("RHU") at SCI-Huntingdon. There is no dispute that Victor's jaw was broken at some point during this incident, and required medical

treatment outside the prison. Victor alleged that some of the correctional staff endeavored to cover up and conceal the true facts surrounding this episode, and that the incident was staged in retaliation for Victor having been a troublesome inmate who had filed a number of grievances or civil actions against corrections officers or employees.

Following amended pleadings, extensive litigation which included more than 550 separate court filings, the resolution of dispositive motions, and the settlement of a number of claims on terms which were favorablel to the Plaintiff, the Court found that four of Victor's claims against nine Defendants should be permitted to proceed to trial.[1] In reaching this result the Court concluded that genuine disputed issues of fact existed with respect to Victor's claims against seven corrections officers, one former lieutenant, and one prison nurse for violations of the First and Eighth Amendments to the United States Constitution, and for civil conspiracy in violation of 42 U.S.C. § 1983. Accordingly, from May 21, 2012, through Tuesday, May 29, 2012, the Court presided over a jury trial held in Scranton, Pennsylvania in which Victor presented his claims that corrections staff conspired to subject him to cruel and unusual punishment, and deliberate indifference to his serious medical needs, in

---

[1] The remaining nine Defendants were: Lieutenant William Diffin; Nurse Hallie Ritchie; and Correctional Officers Adam Goodman, Nathan Lehman, Anthony Eberling, Jason Pyle, Noah Grove, David Plummer, and Joseph Snyder.

violation of the Eighth Amendment, as well as claims that these Defendants subjected him to this treatment in retaliation for Victor's exercise of First Amendment protected activity.

Following jury selection and five days of evidence, the jury was brought back to the Court on Tuesday, May 29, 2012, following the Memorial Day holiday. On that day the jury heard closing arguments, was instructed on the law, and was thereafter released to deliberate. After several hours of deliberation, the jury returned a unanimous verdict in favor of the Defendants on all claims. (Doc. 570.) Judgment was accordingly entered in favor of Defendants Goodman, Pyle, Snyder, Eberling, Plummer, Grove, Lehman, Diffin, and Ritchey on May 29, 2012. (Doc. 571.)

In the wake of this defense verdict, the Defendants have now filed two motions seeking the award of attorneys' fees against the Plaintiff pursuant to 42 U.S.C. §1988. (Docs. 582 and 589.) These motions have been fully briefed by the parties, (Docs. 583, 590 and 598.), and are ripe for resolution. For the reasons set forth below, these motions for attorneys' fees will be denied.

## II. DISCUSSION

Section 1988 of Title 42, United States Code provides that in federal civil rights actions: "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." See Hensley v.

Eckerhart, 461 U.S. 424, 426 (1983). As the text of §1988 implies, decision regarding the awarding of attorneys' fees rest in the sound discretion of the court. However, when the court is presented by fees petitions lodged by defendants in federal civil rights actions, several basic principles guide the exercise of our discretion. Thus, as to prevailing defendants in civil rights litigation, it is well established that: "A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant. See H.R.Rep. No. 94-1558, p. 7 (1976); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) ('[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.')." Hensley v. Eckerhart, 461 U.S. 424, 429, n. 2 (1983). As the United States Court of Appeals for the Third Circuit has observed:

> Section 1988 provides, in relevant part: "In any action or proceeding to enforce a provision of sections ... 1983 [and] 1985 ... of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...." 42 U.S.C. § 1988(b). The "prevailing party" can be either the plaintiff or the defendant but the standard for awarding attorney's fees to prevailing defendants is more stringent than that for awarding fees to prevailing plaintiffs. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978); L.B. Foster, 123 F.3d at 750-

51. As the Supreme Court held in Christiansburg, while prevailing plaintiffs "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust," a prevailing defendant is entitled to attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation...." Christiansburg, 434 U.S. at 416-17, 421, 98 S.Ct. at 698, 700. Nevertheless, it is not necessary that the prevailing defendant establish that the plaintiff had subjective bad faith in bringing the action in order to recover attorney's fees. Rather, the relevant standard is objective. See Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980). Furthermore, the Supreme Court has indicated that "it is important that a ... court resist the understandable temptation to engage in *post hoc* reasoning by concluding that because a plaintiff did not ultimately prevail his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421-22, 98 S.Ct. at 700. We have relied on several factors in determining whether a plaintiff's unsuccessful civil rights claim was frivolous including whether the plaintiff established a prima facie case, the defendant offered to settle, the trial court dismissed the case prior to trial or the case continued until a trial on the merits. See L.B. Foster, 123 F.3d at 751. Other factors that courts have considered in determining if an action was frivolous include whether the question in issue was one of first impression requiring judicial resolution, the controversy is based sufficiently upon a real threat of injury to the plaintiff, the trial court has made a finding that the suit was frivolous under the Christiansburg guidelines, and the record supports such a finding.  See Unity Ventures v. County of Lake, 894 F.2d 250, 253-54 (7th Cir.1995). These considerations, however, are merely guidelines, not strict rules; thus "[d]eterminations regarding frivolity are to be made on a case-by-case basis." Sullivan v. School Bd., 773 F.2d 1182, 1189 (11th Cir.1983).

Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 157-58 (3d Cir. 2001)

Judged against these benchmarks, and mindful of the fact that "it is important that a ... court resist the understandable temptation to engage in *post hoc* reasoning by concluding that because a plaintiff did not ultimately prevail his action must have

been unreasonable or without foundation," Christiansburg, 434 U.S. at 421-22, we find that Victor's claims–while ultimately unsuccessful as to these Defendants – cannot be regarded as frivolous.

At the outset, we note that this litigation began with an immutable fact which underscored and defined the gravity of this matter throughout the four year history of this litigation:  On June 28, 2008, William Victor's jaw was broken in the course of a cell extraction conducted by the Defendants.  This simple, undeniable fact defined much of the subsequent course of this litigation.  Thus, this basic truth clearly contributed to the decision of some Defendants to settle Victor's claims, a factor which strongly suggests that these claims were not frivolous.  See Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 157-58 (3d Cir. 2001)(citing defendants' offer to settle as a factor which rebuts a claim of frivolousness).  Moreover, the gravity of Victor's injuries, in large measure, defined a fundamental factual issue relating to the degree of force used in this cell extraction a dispute which was a key component of these Eighth Amendment claims; a dispute which could only be resolved by a jury at trial; and a dispute which further demonstrated that Victor's claims, while unsuccessful, could not be discounted as frivolous.  See Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 157-58 (3d Cir. 2001)(citing plaintiff's presentation of a prima facie case as a factor which rebuts a claim of frivolousness).

Since we cannot dismiss Victor's claims as "frivolous, unreasonable or without foundation...," Christiansburg, 434 U.S. at 416-17, the Defendants have not met the legal threshold which entitles them to recover attorneys' fees in this action. Therefore, their motions for attorneys' fees (Docs. 582 and 589.), must be denied.

An appropriate order follows.

### III. ORDER

Accordingly, upon consideration of the Defendants' motions for attorneys' fees, (Docs. 582 and 589.), for the reasons set forth above, IT IS HEREBY ORDERED THAT the motions are DENIED.

So ordered this 22d day of August 2012.

                                            */s/ Martin C. Carlson*
                                            Martin C. Carlson
                                            United States Magistrate Judge