IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM VICTOR, | : | |
| | : | Civil No. 3:08-CV-1374 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| R.M. LAWLER, et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM OPINION AND ORDER**

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The above-captioned action was commenced four years ago, on July 21, 2008, by William Victor, an inmate who was formerly confined in the State Correctional Institution at Huntingdon ("SCI-Huntingdon"). In his complaint, Victor, who proceeded *pro se*, initially named 29 defendants, including the prison superintendent and other employees of the Pennsylvania Department of Corrections at SCI-Huntingdon.

While some of Victor's complaints in this litigation were far-reaching, at the heart of this complaint rested a singular, significant incident: Victor alleged that on June 28, 2008, he was assaulted by Corrections Officers while being moved between cells in the Restricted Housing Unit ("RHU") at SCI-Huntingdon Victor alleged that some of the correctional staff endeavored to cover up and conceal the true facts

surrounding this episode, and that the incident was staged in retaliation for Victor having been a troublesome inmate who had filed a number of grievances or civil actions against corrections officers or employees.

Following extensive litigation a number of corrections defendants settled with the plaintiff in December of 2011. Six months later, on May 21, 2012, Victor filed a pleading, styled as a motion to compel, which alleged that the defendants had not made arrangements under the settlement agreement for him to be returned to general prison population. (Doc. 548.) Asserting that the failure to take these actions violated the settlement agreement, Victor sought a court order compelling corrections officials to take this action. (Id.) Victor's motion has now been fully briefed by the parties, (Docs. 549, 593, and 596), and is ripe for resolution.

For the reasons set forth below, this motion will be denied.

**II.    DISCUSSION**

In considering Victor's motion to compel performance of a settlement agreement, we note at the outset that Victor's motion seems to invite us to do something which the United States Supreme Court has held is beyond our jurisdiction–open the federal courts to the collateral litigation of settlement agreements in closed cases.

In this regard we commend to the parties' attention to Kokkonen v. Guardian

Life Ins. Co., 511 U.S. 175 (1994), in which the Supreme Court addressed the issue of whether federal courts have some general ancillary jurisdiction over enforcement of settlement agreements in closed cases. In terms that are equally applicable here, the Supreme Court held that federal courts generally may not entertain such collateral and ancillary matters, stating:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, see Willy v. Coastal Corp., 503 U.S. 131, 136-137, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992); Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986), which is not to be expanded by judicial decree, American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, Turner v. Bank of North America, 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-183, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936). The dismissal in this case issued pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), which provides for dismissal "by filing a stipulation of dismissal signed by all parties who have appeared in the action," and causes that dismissal to be with prejudice if (as here) the stipulation so specifies. Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation. It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal. Some Courts of Appeals have held that the latter can be obtained under Federal Rule of Civil Procedure 60(b)(6). See, e.g., Keeling v. Sheet Metal Workers Int'l Assn., 937 F.2d 408, 410 (CA9 1991); Fairfax Countywide Citizens Assn. v. Fairfax County, 571 F.2d 1299, 1302-1303 (CA4 1978). But see Sawka v. Healtheast, Inc., 989 F.2d 138, 140-141 (CA3 1993) (breach of settlement agreement insufficient reason to set dismissal aside on Rule 60(b)(6) grounds); Harman v. Pauley, 678 F.2d

479, 480-481 (CA4 1982) (Rule 60(b)(6) does not require vacating dismissal order whenever a settlement agreement has been breached). Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377-78 (1994).

Finding that no such independent, ancillary, basis for jurisdiction existed to generally require federal courts to mediate settlement agreement disputes, the Court then held that, absent an agreement expressly conferring continuing jurisdiction to the federal courts, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 382 (1994).

But beyond this threshold observation that we lack jurisdiction to entertain this request, we note that Victor's demand that we dictate his prison placement pursuant to the terms of the settlement agreement fails because the agreement simply does not entitle Victor to this type of relief. It is well settled that: "Basic contract principles apply to the review of settlement agreements. See In re Cendant Corp. Prides Litig., 233 F.3d 188, 193 (3d Cir.2000)." Flemming ex rel. Estate of Flemming v. Air Sunshine, Inc., 311 F.3d 282, 289 (3d Cir. 2002). "[T]he general rule for construction of releases [and settlement agreements] is that the intention of the parties must govern, but this intention must be gathered from the language of the release. Evans v. Marks,

4

421 Pa. 146, 218 A.2d 802 (1966). A signed release is binding upon the parties unless executed and procured by fraud, duress, accident or mutual mistake. Kent v. Fair, 392 Pa. 272, 140 A.2d 445 (1958)." Three Rivers Motor Co. v. Ford Motors Co., 522 F.2d 885, 892 (3d Cir. 1975).

These rules apply with equal force to releases executed in the settlement of civil rights claims. As this Court has previously observed:

> A contract that releases potential . . . federal civil rights claims, is valid if it was knowingly and voluntarily executed. See Coventry v. U.S. Steel Corp., 856 F.2d 514, 522 (3d Cir.1988), superseded by statute on other grounds. To consider whether a release is valid, the Third Circuit directs courts to consider the totality of the circumstances surrounding its execution, and to do so district courts should consider the following non-exhaustive factors:(1) the clarity and specificity of the release language; (2) the plaintiff's education and business experience; (3) the amount of time the plaintiff had for deliberation about the release before signing it; (4) whether plaintiff knew or should have known his rights upon execution of the release; (5) whether plaintiff was encouraged to seek, or in fact received benefit of counsel; (6) whether there was an opportunity for negotiation of the terms of the agreement; and (7) whether the consideration given in exchange for the waiver and accepted by the employee exceeds the benefits to which the employee was already entitled by contract or law. Cirillo v. Arco Chem. Co., 862 F.2d 448, 451 (3d Cir.1988) (citing Coventry, 856 F.2d at 523).

Gregory v. Derry Tp. School Dist., No. 09-780, 2010 WL 146332, 5 (M.D.Pa. Jan. 11, 2010).

When construing the effect of a settlement agreement and release: "First, a court must look to the language of the release. In examining the language . . . , the terms . . . will be given their ordinary meaning unless a different meaning was clearly

intended. In addition, the language . . . must be viewed in the context of the entire document. See, e.g., Harrity v. Medical College of Pennsylvania Hosp., 439 Pa.Super. 10, 21, 653 A.2d 5 (1994). Each part . . . must be given effect." Bickings v. Bethlehem Lukens Plate, 82 F.Supp.2d 402, 405 (E.D.Pa.,2000)(some citations omitted).

In this case, the provisions of the settlement agreement that discussed Victor's future prison housing are set forth in paragraph 2 of the agreement, which provides as follows:

> 2. The COMMONWEALTH further agrees that VICTOR is to be transferred from his current institution to a Special Management Unit ("SMU") as soon as practicable. At the SMU, he will have the opportunity to complete the program which may eventually result in the expungement of his Disciplinary Custody ("DC") time and transfer to general population. If and when VICTOR completes the SMU program and is reintroduced into general population, he will be permitted contact visits as any other general population inmate. However, no guarantees are made in this regard and the COMMONWEALTH retains sole discretion to grant any additional privileges to VICTOR and to decide where he should be incarcerated. He is permitted to wear dress shoes of his choosing at any upcoming court appearances, which are stored in his property.

As we construe this language, nothing in this provision of the agreement entitles Victor to any particular prison placement or privileges, beyond allowing Victor the opportunity to participate in an SMU program "as soon as practicable." Indeed, the agreement expressly reserves the Department of Corrections' discretion and

prerogatives in terms of Victor's custodial placement, stating that "the COMMONWEALTH retains sole discretion to grant any additional privileges to VICTOR and to decide where he should be incarcerated." Given this plain language, we conclude that, even if we retained jurisdiction over the enforcement of this agreement, Victor is not entitled to relief under the agreement and we would deny Victor's motion to compel.

An appropriate order follows.

### III. **ORDER**

Accordingly, upon consideration of the plaintiff's motion to compel, (Doc. 548), for the reasons set forth above, IT IS HEREBY ORDERED THAT the motion is DENIED.

So ordered this 29th day of August, 2012.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge